Submitted November 1, affirmed December 23, 1976

REEDER, *Appellant,*
*v.*
KAY et al, *Defendants,*
and
TABER et ux, *Respondents.*
(Trial Court No. 416-210, Case No. 24507)
557 P2d 673

Paul M. Reeder and Reeder & Rapp, Hillsboro, filed the brief for appellant.

No appearance for respondents.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell, Bryson and Lent, Justices.

LENT, J. (Pro Tempore).

**LENT, J.** (Pro Tempore).

This is an appeal by plaintiff from a judgment in favor of defendants Rodger L. Taber and Nancy Taber "against the plaintiff for their reasonable attorney fees, costs and disbursements, incurred herein, taxed at" $500.

The only record brought to this court is the trial court file, ORS 19.005(3), and of that plaintiff designates as the record on appeal only certain portions thereof: "(1) The complaint, (2) Demurrer of Rodger L. Taber and Nancy Taber to complaint, (3) Order sustaining demurrer, (4) Motion and order dismissing said suit as to Rodger L. Taber and Nancy L. Taber only, and (5) Judgment order." ORS 19.029(1)(d) directs us that the record designated is to be "in addition to the trial court file * * *." We feel free, therefore, to examine the trial court file, *in toto,* and not just the portions listed above.

Plaintiff originally filed a suit in equity in three causes alleging in substance that she, as seller, and the Tabers and four other defendants, as buyers, had entered into a written contract for the sale of certain real property. A purported copy of the written contract was attached as an exhibit and incorporated by reference into each cause of suit. On its face the exhibit does not show that the Tabers were signatory parties to the contract. The complaint does allege, however, that the "* * * [p]laintiff, instructed by David Kay, agent for the defendants * * * conveyed to Rodger L. Taber and Nancy S. Taber the most southerly 7½ acres as set forth on the description in said contract * * *." The complaint also alleges that the "defendants" were purchasers of the property.

Plaintiff alleged various breaches of the contract and prayed for equitable relief;

First cause: strict foreclosure of the contract and attorney fees in the amount of $10,000 and costs and disbursements against "defendants";

Second cause: the sum of $50,000 "as compensation" unless "defendants" pay the entire remaining contract balance in full;

Third cause: the deeds issued to the Tabers be rescinded unless the balance of the contract is paid in full.

As to the first and third causes there was a prayer for general equitable relief.

The Tabers appeared by what appears to be a general demurrer (which is actually perilously close to a speaking demurrer). The grounds assigned for demurrer were:

1. Tabers were not parties to the contract;

2. "Further, the complaint acknowledges delivery of a valid deed to Rodger L. Taber and Nancy Taber, and further, that the agreed price for that land and the other deeded property in total was $15,000.00, and the plaintiff further admits that she received cash in the amount of $20,000.00.

"It is defendants, Rodger L. Taber and Nancy Taber's position that when a valid deed has been executed, and delivered, to a third party in keeping with a contract, and that the Sellers received at the same time sufficient cash to cover those deeds, then as a matter of law the deeds are valid unless there is a representation of fraud."

The demurrer was sustained but nowhere in the record does it appear upon which assigned ground or grounds. Plaintiff then moved that the matter be dismissed as to the Tabers, and the motion was allowed. Thereafter, the Tabers filed a bill for costs and disbursements, alleging disbursements in the amount of $15.90 as filing fees, "Prevailing costs" in the amount of $10 and "Attorney fees" in an unspecified amount. The bill was filed March 30, 1976, and by judgment order dated March 5, 1976, entered in the journal March 30, 1976, and docketed April 2, 1976, the Tabers were given judgment against plaintiff as set forth above. Plaintiff then filed notice of appeal to

this court from that judgment order (although describing it as having been entered on March 29, 1976).

The "STATEMENT OF FACTS" set forth in plaintiff's brief differs in various material respects from what is revealed by our review of the trial court file as set forth above. Other matters are alleged in the statement of facts in the brief which we can neither confirm nor disaffirm upon the record brought to us. It is alleged in the statement of facts that there was a "hearing" after the filing of the cost bill and before judgment, but the judgment order contains no recital that there was a hearing. Neither does the designation of record on appeal include either the transcript of any such hearing or a substituted narrative statement of what took place at the hearing. We have no way of determining whether there was in fact a hearing, and, if so, what took place there. We only know that the Tabers have filed no answering brief or other document to advise us that a hearing did not take place.

Plaintiff concedes that the court was correct in awarding $26.90 in disbursements and costs, but complains of error in awarding $500 attorney fees. Obviously, the amount of $500 alleged as having been awarded as attorney fees, over and above statutory disbursements and costs, ORS 20.070(2), is erroneous since $500 is the amount of the entire judgment.

Since plaintiff has not provided us with an adequate record, we can only assume that the circuit court properly awarded attorney fees to the defendants. It is an appellant's duty to provide a reviewing court with a transcript of the evidence it relies upon to challenge a court ruling. *Coon v. Humble,* 238 Or 172, 393 P2d 655 (1964); *Mason, Ehrman & Co. v. Lewis Est.,* 131 Or 242, 276 P 281, 281 P 123, 282 P 772 (1929); *see also DeCicco v. Ober Logging Co.,* 251 Or 576, 447 P2d 297 (1968). When an appellant fails to designate a necessary transcript, we ordinarily have no recourse but to affirm the judgment appealed from if the pleadings are sufficient to support it. *Coon v. Humble, supra; see*

*Blehm v. Ringering,* 260 Or 46, 488 P2d 798 (1971); *Yundt v. D & D Bowl, Inc.,* 259 Or 247, 486 P2d 553 (1971). Defendants' request for attorney fees by way of a cost bill is sufficient to support the award given.

Affirmed.