Upon respondent's petition for rehearing filed April 13, petition for rehearing denied, former opinion modified May 10, 1977

## LANE COUNCIL OF GOVERNMENTS, EMPLOYER, *Respondent,*

*v.*

## LANE COUNCIL OF GOVERNMENTS EMPLOYES ASSOCIATION et al, *Petitioners.*

### (C/A 5525, SC 24767)

563 P2d 729

Larry K. Amburgey and Jim D. Korshoj, of Bullard, Korshoj & Smith, Portland, for the petition.

No appearance contra.

TONGUE, J.

Linde, J., specially concurring.

.

## TONGUE, J.

In our previous opinion we held that the order by ERB that LCOG was a "public employer" was not a "final order" so as to be appealable. We also held that the stipulation by the parties pending appeal that the proceeding before ERB be considered as a petition for a "declaratory ruling" under ORS 183.410 was insufficient to confer jurisdiction on the Court of Appeals to review that order as a "declaratory ruling."

In so holding we noted the contention that the stipulation had been approved by ERB, as shown by a letter from it to the Court of Appeals, and held that we need not decide whether that fact would require a different result because it did not appear from the record that such a letter was received by the Court of Appeals.

Shortly after the filing and release of that opinion, however, a copy of a letter was found in a "correspondence file" of the Court of Appeals which had not been transmitted to this court as a part of the record on review. That letter, dated June 25, 1976, from the executive secretary of ERB to attorneys for the parties, with "cc: Court of Appeals," discussed the request by the parties that ERB approve the stipulation that its previous ruling "may be treated as a ruling on a petition for a declaratory ruling under ORS 183.410" and responded as follows:

"* * * * *

"The Board discussed this matter during its work session and instructed me to advise you that it has *no objection* to the stipulation which you have entered into.

"Mr. Paul Bailey, Board Chairman, instructed me to include his following personal statement:

" 'I am of the opinion that the Court has *no jurisdiction* in the case and that its acceptance of a matter that has not had a final order is only a delaying tactic that has been utilized by the parties and fostered by the Court to delay these matters.' "
(Emphasis added)

[ 337 ]

The parties were promptly notified of the discovery of the copy of the letter. A petition for rehearing was then filed by LCOG, contending that this court had "erred by refusing to treat [LCOG's] petition for judicial review as a request for review" of a "declaratory ruling under ORS 183.410" and stating, among other things, that

"* * * The parties reviewed the status of the case and requested the Board's assistance in obtaining a final judicial determination. This took the form of a request that the Board approve of a stipulation entered into by the parties to the effect that the case could be treated as a request for a review of a 'declaratory ruling' under ORS 183.410. *The Board unanimously endorsed the stipulation.* * * *"

and that

"* * * [A]lthough the jurisdictional issue was not specifically presented to the Board in the form of a petition for a declaratory ruling, LCOG, the Association, and the Board all treated the matter as meriting such special treatment and the proceedings substantially conformed to those required for declaratory rulings. Moreover, LCOG and the Association subsequently agreed that the appeal could be treated as arising under ORS 183.410 - and *ERB endorsed that agreement* after a joint request and special appearance by the parties." (Emphasis added)

We do not consider the somewhat ambiguous letter by ERB to be an "endorsement" by ERB, as the administrative agency involved, of the stipulation, nor as an "endorsement" by ERB of LCOG's position that the Court of Appeals should accept jurisdiction over the appeal from its order as an appeal from a "declaratory ruling" and that the stipulation and its "endorsement" by ERB was sufficient to confer such jurisdiction on that court. We hold that this letter does not provide a proper or sufficient basis for recognition of an exception to the general rule that the parties may not confer jurisdiction upon a court by stipulation.

The petition for rehearing is denied.

**LINDE, J.,** specially concurring.

Normally on judicial review the agency will be expected to appear to defend its order, and there is no apparent reason why a declaratory ruling under ORS 183.410 should be different in this respect. Petitions for judicial review are not private lawsuits between opposing parties who represented contending interests before the agency. It is the agency's exercise of its responsibility that a petition challenges, not some action or omission of another interested party, and an agency deciding to issue an appealable order presumably is also prepared to defend it if challenged. Although a declaratory ruling might have been an entirely appropriate way to obtain a resolution of the point at issue, the Employment Relations Board, in expressing "no objection" to the stipulation between the contending parties, does not seem to have committed itself to this stipulation to the extent of making the expected appearance in the subsequent proceeding for judicial review. This further bears out the court's conclusion that the Board did not issue a reviewable declaratory ruling under ORS 183.410.