LONGEE, *Respondent,*

*v.*

CARTER, *Defendant,*

CAPITAL FINANCIAL SERVICES, INC., *Appellant.*

(No. A7712, 18389, SC 25627)

582 P2d 1

James C. Waggoner and Richard L. Biggs of Martin, Bischoff, Templeton, Biggs and Ericsson, Portland, filed a brief for appellant.

William Girdner and Michael H. Marcus, Legal Aid Service, Portland, filed a brief for respondent.

PER CURIAM.

**PER CURIAM.**

Upon our own motion, we dismiss this appeal for want of jurisdiction[1] in this court because the order from which the appeal is taken is not an appealable order. Our appellate jurisdiction is limited, springing, as it does, from statute. *Smallwood v. Erlandson,* 281 Or 699, 576 P2d 374 (1978); *Andrysek v. Andrysek,* 280 Or 61, 569 P2d 615 (1977); *Lulay v. Earle, Wolfer,* 278 Or 511, 564 P2d 1045 (1977).

*Facts and Procedural Background*

On February 24, 1972, defendant Longee (hereinafter "defendant") executed a promissory note to plaintiff for $524.42 plus interest. On November 16, 1976, plaintiff filed an action to recover on the note in district court alleging defendant had failed to make payments in the amount of $442.15 plus interest. Defendant answered by admitting the execution of the note, denying default, and asserting an "affirmative defense and recoupment" which alleged ten separate violations of the Federal Truth in Lending Act (TILA), 15 USC § 1601 *et seq.*

On November 17, 1977, plaintiff demurred to defendant's "affirmative defense and recoupment" based on the expiration of the one-year statute of limitations prescribed by 15 USC § 1640. On December 15, 1977, the demurrer was sustained. On December 19, 1977, defendant filed her amended answer, admitting the execution of the note and her default in payment but "deny[ing] liability under said note." On December 19, 1977, plaintiff's motion for judgment on the pleadings was granted, and on December 21, 1977, judgment for plaintiff was entered. Meanwhile, on December 19, 1977, upon defendant's petition, the circuit court issued a writ of review. On the same date the circuit court made an order reversing the district court order which sustained plaintiff's demurrer and

---

[1] We are not concerned with ORS 2.516 since this appeal was filed prior to the end of 1977.

overruling said demurrer, and setting aside the district court judgment "for the purpose of allowing the defendant therein to assert her First Affirmative Defense and Recoupment." On December 28, 1977, plaintiff filed its notice of appeal "from that certain order dated December 27, 1977 reversing the District Court * * * and overruling the demurrer of [the plaintiff]."

## Appealability

The appealability of orders is governed by statute. ORS 34.100 provides that "From the judgment of the circuit court on [writ of] review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action." *See also* ORS 19.010(4).

ORS 19.010, in pertinent part, provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *."

In dismissing an appeal in *Lecher v. St. Johns,* 74 Or 558, 146 P 87 (1915), we said:

"An order affecting a substantial right, and which in effect determines the suit, so as to prevent a decree therein, is final and may be reviewed on appeal: Section 548, L.O.L. [predecessor to ORS 19.010] The order of July 23, 1914, overruling the demurrer to the complaint, did not determine the suit, and for that reason was not final, and no appeal therefrom would lie: [Citations omitted]." 74 Or at 560.

Had the district court overruled plaintiff's demurrer, such a ruling would not have been appealable. Logically, the fact that the demurrer was overruled, in effect, by the circuit court on writ of review should have no effect on the appealability of that ruling.

[ 96 ]

Plaintiff may well yet obtain a favorable judgment. The order of the circuit court reversing the district court's sustaining of plaintiff's demurrer is not appealable; therefore, the present appeal should be dismissed.

The appeal is dismissed for want of jurisdiction and the case is remanded for further proceedings.