# LLOYD, *Respondent*
## *v.*
# ZOLLMAN, *Appellant.*
### (TC 7928, SC 25514)
590 P2d 222

Carl G. Helm, LaGrande, argued the cause for appellant. With him on the briefs were Helm & Petersen and W. Alfred Mukatis, LaGrande.

William L. Reynolds, Enterprise, argued the cause for respondent. With him on the brief was Lorin M. Ricker, Enterprise.

Before Denecke, Chief Justice, and Holman, Howell, Lent, and Linde, Justices.

LENT, J.

**LENT, J.**

This is a suit for dissolution of a partnership and for certain interlocutory relief pending final determination. Plaintiff alleged that the partnership should be dissolved by reason of alleged breaches by defendant of the contract of partnership. Defendant denied any breach on his part and by way of "cross-complaint" sought a decree that the partnership had been "determined" by the alleged withdrawal of plaintiff some ten months prior to the institution of this suit. Defendant, also, sought judgment for damages for an alleged breach of the contract by plaintiff and for the procurement of a preliminary injunction in this suit.

## *The Record*

Defendant appeals from the "decree"[1] of the trial court, which we shall not summarize here because its provisions are not meaningful without review of the events which led up to the entry of the decree. The decree is erroneous in some respects and the matter must be remanded for further proceedings.

We have had a certain amount of difficulty in coming to grips with this case because of the state of the record on appeal and the failure to comply with our rules of procedure in appellant's brief.[2] In particular

---

[1] There is no document in the trial court file entitled "decree." The document from which the appeal is taken is entitled "ORDERS." No question of jurisdiction is raised by plaintiff, but we have noted the fact of our limited appellate jurisdiction and our duty to raise the matter on our own motion. *See, for example, Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978). We are satisfied that the document is functionally a decree despite its name. Furthermore, we believe that it meets the test of appealability. ORS 19.010(2)(a).

[2] The court is truly of the opinion that our published Rules of Procedure, effective after May 1, 1977, are of considerable assistance to us in disposing of the business of the court. If it were not so, we would modify or abolish them.

Insofar as direct appeals are concerned, the failure to follow the rules is of more importance now to the Court of Appeals than to this court, but the Rules of Procedure are adopted by both appellate courts and we are convinced that anything the bar can do to make the business of that court more manageable (as following the rules does) will be much appreciated.

the failure of the defendant to follow Rule 7.17 is a glaring example with respect to the matter of the rules. With respect to the record, defendant designated only the trial court file.[3] Plaintiff filed no designation of additional parts of the record, ORS 19.029(2), but nevertheless attached to his brief 18 pages of what purports to be a transcript of proceedings at a hearing held on October 20, 1976. In addition to the want of designation of this transcript as a part of the record on appeal, there is no certificate of any kind as to who transcribed the tape, and there is no order settling it as being accurate. We refuse to consider it for any purpose.

### The Facts and Procedural Background

On November 5, 1974, plaintiff and defendant entered into a written contract of partnership. The partnership was to conduct a farming and ranching business. There was to be an equal division of profits or losses. Defendant, who had been engaged in this type of business in partnership with another person prior to November 5, 1974, provided as his capital contribution the farming equipment, livestock and growing crops necessary for operation of the business. Plaintiff's contribution consisted of the obligation to "arrange financing to pay off loans and other obligations owing by [the defendant]." The agreement recited that the respective capital contributions were to be deemed equal.

On September 14, 1976, plaintiff filed the present suit seeking dissolution of the partnership, appointment of a receiver for liquidation of partnership assets, and an order enjoining the defendant from disposing of any partnership assets. Plaintiff alleged that the defendant had breached the partnership

---

[3] The notice of appeal must contain a "designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial court file." ORS 19.029(1)(d). We have indicated that we believe the trial court file, under the statute, is properly before us whether or not it is specifically designated as part of the record on appeal. *See, Reeder v. Kay,* 276 Or 1111, 557 P2d 673 (1976).

[164]

agreement in certain important particulars such as to justify dissolution and the interlocutory relief sought. On the same date plaintiff applied for a preliminary injunction enjoining defendant from disposing of any partnership assets. Upon this ex parte application the court by order dated September 14, 1976, but "filed" on September 15, 1976, enjoined defendant from selling, encumbering, disposing of or dissipating any of the partnership property, assets or monies and further ordered the defendant to show cause why the injunction should not be extended until the partnership had been dissolved and the winding up of the partnership business had been accomplished.

On September 28, 1976, defendant filed his answer and "cross-complaint" as described in the first paragraph of this opinion. On the same date he filed a motion to dissolve the preliminary injunction.

The motion to dissolve the preliminary injunction came on for hearing on October 20, 1976, at which time the parties appeared personally and by their respective counsel. The court was informed that the parties had agreed that the preliminary injunction would be dissolved and would stipulate to the entry of an order to govern further proceedings. A written order was prepared and signed on November 23, 1976, "nunc pro tunc the 20th day of October, 1976." The parties and their attorneys in writing approved the order as to form. The order provided in pertinent part as follows:

"(1) The temporary injunction dated September 14, 1976, is dissolved;

"(2) Gary McFetridge, of Enterprise, Oregon, is hereby appointed receiver and shall have all of the powers a receiver normally has except the power to order a sale as long as the terms of this order are carried out;

"(3) The defendant shall proceed with an orderly sale of the partnership assets, such sale to be approved by the aforementioned receiver, and the proceeds applied to approved operating expenses and to

[165]

the $75,000.00 note owed by the partnership of Bernard M. Lloyd and Alfred Zollman;

"(4) Defendant, Alfred Zollman, shall pay the $75,000.00 note in the following manner:

"(a) One-half of the note, including the interest then accrued shall be paid on or before January 20, 1977;

"(b) The balance of the note, together with the interest then accrued shall be paid on or before April 20, 1977;

"(c) Provided, however, that should Defendant, Alfred Zollman, default in payment of the sums required to be paid in accordance with subparagraphs (a) and (b) of this paragraph (4), then the receiver shall forthwith cause all of the assets of the partnership to be sold and the net proceeds thereof applied first to accrued interest and then to the principal of the $75,000.00 note.

"(5) The Receiver shall forthwith cause an inventory of the partnership assets and liabilities to be prepared.

"(6) Defendant shall pay up to the sum of $1,000.00 on account of Plaintiff's attorneys' fees. Said sum shall be based upon verified time slips of plaintiff's attorneys, and shall be paid on or before January 20, 1977.

"(7) Upon full payment of the $75,000.00 note together with all interest due on account thereof, Alfred Zollman shall be granted all of the right, title and interest in and to the partnership assets then remaining, and Bernard M. Lloyd shall be relieved of all partnership debts and obligations then remaining, and Alfred Zollman shall hold Bernard M. Lloyd harmless therefrom, and indemnify said Bernard M. Lloyd from the claims of any creditors of the partnership.

"(8) The parties agree that any fees and charges of the receiver shall be paid from the sale of the aforementioned assets of the partnership, or from the income of the partnership, if any."

There is no testimony or evidence before us to permit us to exercise the appellate function of trying this cause "anew upon the record." ORS 19.125(3).

[166]

From the trial court file and uncontradicted or admitted assertions in the briefs of the parties we find the following to have occurred.

Defendant failed to make any payment to plaintiff on account of attorney's fees. On the other hand, we have no way of knowing whether verified time slips of plaintiff's attorneys were presented to defendant.

On January 21, 1977, the receiver filed his inventory.

Nothing had been paid on the $75,000 note[4] by January 20, 1977. On January 24, 1977, the receiver and the defendant effected a sale of part of the partnership cattle. The proceeds of this sale were deposited by the receiver in a special checking account and under the terms of the agreement with the bank concerning that account checks were required to be signed by both the defendant and the receiver. Thereafter, the defendant and receiver signed checks made payable to the plaintiff (and presumably delivered to plaintiff and cashed by him) on the following dates in the indicated amounts:

> January 26, 1977 ----- $45,000.00
> March 22, 1977 ------- $ 3,000.00
> July 10, 1977 ----------- $18,293.73

Meanwhile, on May 4, 1977, defendant filed a motion for an order discharging the receiver, requesting that plaintiff be required to file a reply, and that the matter be set for trial. On May 18, 1977, the plaintiff filed affidavits of his counsel and of the receiver alleging various violations of the terms of the stipulated order and applied for a writ of assitance to put the receiver in possession of the partnership assets to carry out the terms of the stipulated order. On May 31, 1977, the court ordered that a writ of assistance be issued to the sheriff to place the receiver in possession

---

[4] The note was payable to plaintiff's children, and we infer they were the holders thereof at all times pertinent hereto.

of the partnership assets and property, and on the same day a writ was issued. (Presumably the writ was executed, although we can find no return in the trial court file.)

On August 23, 1977, the defendant again filed a "Motion for Trial" in pertinent part as follows:

> "Defendant requests the Court for an Order setting the remaining issues in this case for trial, and for the reason that there has been no accounting by the reciever, no disposition of the claims made in the pleadings other than the disposition of some assets of the partnership, there has been no dismissal of any of the pleadings, there has been no determination of plaintiff's early withdrawal from the partnership, there has been no dissolution, no winding up, and no termination."

On the same day the receiver filed an accounting which showed certain net receipts from the sale of cattle and "Partnership Machinery." The accounting asserts as total net receipts the sum of $70,514.46. The accounting lists four disbursements. The first of these allegedly took place on November 13, 1976, and was disbursed to defendant "for operating expenses and the Walker lease pmt." in the amount of $3,228.70. The other items of disbursement were the aforementioned checks to plaintiff. Total disbursements therefor appear to be $69,522.43. This would appear to call for a balance in the checking account of $992.03. The receiver indicated in his accounting, however, that only $929.03 remained in the checking account as of the time of accounting. This slight discrepancy may be explored upon remand.

On the same day, August 23, 1977, the plaintiff filed a motion for "acceptance" of the receiver's accounting and for a deficiency judgment against the defendant in the sum $27,904.34, with interest, from July 10, 1977, which was the last date upon which a payment had been made to plaintiff. This figure is arrived at by deducting from $75,000 the amounts credited to principal out of the three payments made to plaintiff.

[168]

On September 14, 1977, the defendant filed objections to the accounting as follows:

"Defendant objects to the receiver's accounting, and each and every item thereof, and denies it, and requests its disallowance."

Thereafter the document, which we have treated as a decree, dated September 16, 1977, and "filed" September 19, 1977, appears in the trial court file. Omitting title and caption, date and signature, it is as follows:

"THIS MATTER, coming on for hearing on Defendant's Motion for Trial and Objections to the Receiver's Accounting, and upon Plaintiff's Motion for Acceptance of Receiver's Accounting and for Deficiency Judgment against Defendant, and Plaintiff appearing by his attorneys, William L. Reynolds and Lorin M. Ricker, and Defendant appearing in person and by one of his attorneys, R. T. Gooding, and argument of counsel being heard thereon, and the Court being fully advised in the premises, now, therefore,

"IT IS HEREBY ORDERED that Defendant's Motion for Trial is denied;

"IT IS HEREBY FURTHER ORDERED that the Receiver's Accounting be, and the same is, thereby approved;

"IT IS HEREBY FURTHER ORDERED that, based upon the stipulated settlement of the parties and the Order thereon of this Court dated October 20, 1976, the Plaintiff should have, and is hereby granted, a deficiency judgement against the Defendant in the sum of $27,904.34 with interest thereon at 6% per annum from and after July 10, 1977 until paid;

"IT IS HEREBY FURTHER ORDERED that the Receiver's funds in the First State Bank of Elgin, Wallowa Branch, be disbursed to the Receiver for application to the deficiency judgment, and the Defendant is hereby directed to join the Receiver in executing a check to withdraw said funds for said purpose. Should the Defendant refuse to do so, the First State Bank of Elgin, Wallowa Branch, is hereby authorized to release said funds upon the signature of

[169]

the Receiver alone and presentation of a certified copy of this Order."

It is from the terms of this decree that defendant appeals.

■  Upon this record we find that the stipulated order of October 20, 1976, was intended by the parties to be an embodiment of the terms of a compromise settlement of the claims one against the other of all matters arising out of the partnership relationship. We find that both parties are bound to perform according to the terms of the stipulated order. It follows therefore that the court below was correct in denying defendant's motion for trial.

■  Insofar as acceptance of the receiver's accounting is concerned, we are totally in the dark as to what may have been presented to the trial court to support the order approving the accounting. The receiver did file, as a part of his accounting, certain supporting data as to receipts but we cannot find supporting data as to disbursements. On the other hand, we cannot tell whether before the trial court defendant's objections went to the amounts of the claimed receipts and disbursements, or to the manner in which the disbursements were made and the person to whom disbursements were made. From the briefs in this court and the oral argument, however, we infer that defendant apparently objects to any disbursements having been made to the plaintiff.

His first objection is that the $75,000 to plaintiff's children was a partnership obligation and that he should not be required to pay it out of other than partnership assets. The stipulated order is directly to the contrary. By its terms, defendant is required to satisfy the $75,000 note. At the time of entering into the agreement upon which the order was based, defendant most likely thought that the partnership assets would be sufficient to allow him to discharge this obligation from such assets but the order does not so limit his obligation.

[170]

His second objection is that the payments were made to the plaintiff rather than to the holders of the note. Had the receiver made these payments himself, we would have no trouble in finding that the receiver had misapplied the funds and defendant's objection would be well taken. The matter is complicated, however, by the fact that defendant himself signed, along with the receiver, the checks drawn in plaintiff's favor. We determine, nevertheless, that we need not explore the legal effect of defendant's apparent acquiescence in payment of these sums to plaintiff.

From uncontradicted matters which appear in the briefs, we are convinced that the $75,000 for which the note was given to plaintiff's children was actually the plaintiff's own money, and it was this that led to defendant's acquiescence in signing the checks made payable to the plaintiff. Whether this is so or not, however, is not of great importance because of the disposition we make of this case.

In his brief plaintiff states as follows:

"The Plaintiff was acting as a conduit through which payments from the Defendant were made to the Plaintiff's children, holders of the $75,000 note. The Receiver and the Defendant knew this, and tacitly agreed to this payment arrangement.
"* * * * *

"The Plaintiff, Bernard M. Lloyd, in asking that the trial court's Order entering Judgment against the Defendant and approving the Receiver's accounting be sustained, is nevertheless willing that an Order be entered, providing that payments made to him by the Defendant be credited against the $75,000 Note, which the Defendant has been ordered to pay."

We view this language as a solemn concession by plaintiff that the monies were intended to be applied upon the note held by his children and that the monies were so applied. Upon remand plaintiff shall have the burden of proving that the holders of the note did receive the sums paid to plaintiff and that the holders

[171]

have given defendant credit for those sums and allocated the payments to principal and interest as of the dates the accounting shows the sums were paid to plaintiff. Only if plaintiff sustains that burden of proof should the accounting be approved and "accepted" in that respect.

With respect to that portion of the decree entering deficiency judgment in favor of plaintiff and against defendant, the judgment is reversed. There is no basis in the stipulated order or in the record for granting plaintiff a deficiency judgment as to the unpaid portion of the $75,000. That obligation is owed to the holders of the note, not to the plaintiff. (Incidentally, it is only as between plaintiff and defendant that defendant is solely obligated to the holders of the note. Insofar as the holders of the note are concerned, there is nothing in the record to prevent them from asserting the joint obligation of plaintiff and defendant.)

The decree is silent as to the matter in the stipulated order concerning plaintiff's attorney fees. This unfinished business should also be resolved by the trial court upon remand.

Insofar as the decree for deficiency judgment is concerned it is reversed and this case is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded for further proceedings. Costs and disbursements on this appeal are allowed to defendant.