Argued and submitted August 3, appeal dismissed and remanded September 7, 1983

## MEYER,
*Plaintiff-Appellant,*

*v.*

## JOSEPH et al,
*Defendants-Respondents.*

(TC A8105-02927, SC 29005)

668 P2d 1228

Gil Meyer, Fairview, *pro se,* for plaintiff-appellant.

Margaret E. Rabin, Assistant Attorney General, for defendants-respondents. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General.

Before Lent, Chief Justice,** and Linde, Peterson,*** Campbell, Carson, and Jones, Justices.

PER CURIAM

Lent, J., concurred and filed an opinion.

---

** Chief Justice when this case was argued.

*** Chief Justice when this decision was rendered.

## PER CURIAM

This matter is before the court as an appeal certified to this court by the Court of Appeals and accepted by this court pursuant to ORS 19.210. Apparent on the face of the record is the issue of whether there is any appellate jurisdiction in this case.

■      An appellate court does have jurisdiction to determine whether it has jurisdiction. The Court of Appeals was unable to address even that question because its members were named party defendants in this case. In those circumstances, we had no alternative to acceptance of certification. This court had to accept certification in order to decide whether there was appellate jurisdiction.

■      The record discloses that plaintiff has filed a notice of appeal from a non-appealable order. He has designated as the order from which he appeals an order of the circuit court dated June 24, 1982, which provides:

> "IT IS HEREBY ORDERED that the Court is not required to answer questions of the nature asked by plaintiff in his Declaratory Judgment and will not answer said questions."

That is neither a judgment nor decree, ORS 19.010(1), nor an order described in ORS 19.010(2), which is to be treated as a judgment or decree for the purpose of being appealable. Neither is the order embraced within ORS 19.010(4) conferring appellate jurisdiction in special statutory proceedings. This appeal must be dismissed on our own motion for want of appellate jurisdiction. See, for example, *Ragnone v. Portland School District No. 1J,* 289 Or 339, 613 P2d 1052 (1980), for the proposition that there is no appellate jurisdiction other than that created by statute, and see, for example, *Miller v. Grants Pass Irrigation,* 290 Or 487, 622 P2d 729 (1981), for the proposition that the Court of Appeals has no jurisdiction over an appeal from a non-appealable order. We have treated our decision in *Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978), as imposing a duty on an appellate court to dismiss, on its own motion, an appeal where there is a want of appellate jurisdiction. *Lloyd v. Zollman,* 285 Or 161, 163 fn. 1, 590 P2d 222 (1979). See, generally, *J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 601 P2d 1254 (1979).

The appeal is dismissed, and the case is remanded to the circuit court.

**LENT, J.,** concurring.

I concur in the dismissal of this case for want of appellate jurisdiction, but I hesitated to do so because of our acceptance of the certification of appeal. ORS 19.210 provides:

"(1) *When the Court of Appeals has jurisdiction of an appeal,* the court, through the Chief Judge and pursuant to appellate rules, may certify the appeal to the Supreme Court in lieu of disposition by the Court of Appeals. The Court of Appeals shall provide notice of certification to the parties to the appeal. Parties to an appeal may not request certification.

"(2) The Supreme Court, by order entered within 20 days after the date of receiving certification of an appeal from the Court of Appeals under subsection (1) of this section, may accept or deny acceptance of the certified appeal. The Supreme Court, by order entered within that 20-day period, may extend by not more than 10 days the time for acceptance or denial of acceptance of the certified appeal. *If the Supreme Court accepts a certified appeal,* the Court of Appeals shall transmit the record of the case and the briefs of parties to the Supreme Court, *the Supreme Court shall have jurisdiction of the cause,* and the appeal shall be considered pending in the Supreme Court without additional notice of appeal, filing fee, undertaking or, except as the Supreme Court may require, briefs of parties. A certified appeal shall remain pending in the Court of Appeals before the Supreme Court accepts or denies acceptance, and if the Supreme Court denies acceptance or fails to accept or deny acceptance within the time provided for in this subsection. The Supreme Court shall provide notice of acceptance or denial of acceptance of certification to the parties to the appeal." (Emphasis added)

The reason I hesitated to vote to dismiss on our own motion is because of our acceptance of the certification. ORS 19.210 only allows the Court of Appeals to certify an appeal to this court "[w]hen the Court of Appeals has jurisdiction of an appeal." Arguably, it is implicit in the statute and in our order accepting certification that the Court of Appeals had jurisdiction. In these singular circumstances, I would address the merits of plaintiff's appeal.

The case is before us upon the trial court file. See ORS 19.029(1)(d) and *Reeder v. Kay,* 276 Or 1111, 557 P2d 673 (1976). What appears in that file can most charitably be described as a mess, chiefly resulting from plaintiff's filing of various amended complaints without obtaining leave of court

and shifting, from one pleading to the next, the nature and grounds of his asserted claim for relief. I believe that it is most fair to treat as the pleading on which plaintiff relies that which he has designated as stating his claim and included as Appendix 1 to his brief on appeal. That document is entitled "PETITION FOR DECLARATORY JUDGEMENT DECLARING PLAINTIFF'S CONSTITUTIONAL RIGHTS."

From his opening brief on appeal, I conclude that plaintiff is attempting to obtain a declaratory judgment under ORS 28.020, which provides:

> "Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The plaintiff's petition can best be summarized in the words of the defendant's brief:

> "The petition seeks the answer to three multi-part questions concerning the 'Holy Bible,' the United States Constitution and the constitution of the State of Oregon. Each of the questions is either abstract or hypothetical; no question is presented in the context of a justiciable controversy. For example, question 1 asks, 'Does this Court give any cognizance to God's Laws prescribed in the Holy Bible (AKJV) or do man's laws take full precedence thereto?' Question 3A asks, 'In re: Article I section 10; Does the Plaintiff have remedy by due course of law for injury done him in his person, property or reputation?' "

The named defendants in the title and caption of plaintiff's petition are ten persons who were, at the time the petition was filed, present or past members of the Court of Appeals, and a legal assistant to the Court of Appeals and this court. None of them are so described, however, in the petition. The petition contains no allegation of any kind that, in the light most favorable to the plaintiff, can be taken to assert a controversy between the plaintiff, on the one hand, and the defendants, either jointly or severally, on the other hand.

It is clear from plaintiff's written and oral arguments that he believes ORS 28.020 entitles him to a written advisory

opinion from a circuit judge if he so requests in writing filed in the court. In this he misconceives the statute, the nature of a proceeding for declaratory judgment and the exercise of the judicial power.

The judicial power of the state is vested in this court and such other courts as may be created by law. Or Const Art VII (Amend) § 1. The judicial power does not embrace the rendering of advisory opinions. *Oregon Medical Association v. Rawls,* 281 Or 293, 301, 574 P2d 1103 (1978). To invoke the exercise of the judicial power, a plaintiff or petitioner must, by his pleading, state a claim in such a manner as to disclose a justiciable controversy. Id., 281 Or at 297. The petition in this proceeding does not do so. There is no controversy to which the judicial power may be applied.

For the same reasons, plaintiff's attempted invocation of ORS 1.050 is of no avail.