1000 FRIENDS OF OREGON,
*Petitioner on Review,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION et al,
*Respondents on Review.*

(84-ACK-136; CA A33832; SC S32615)

724 P2d 805

Richard P. Benner, Portland, argued the cause and filed briefs for petitioner on review.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General and Kendall M. Barnes, Assistant Attorney General, Salem, filed briefs for respondent on review, Land Conservation and Development Commission.

Kenneth S. Eiler, Seaside, argued the cause and filed a brief for respondent on review Clatsop County.

PETERSON, C. J.

## PETERSON, C. J.

The issue here is whether a particular administrative body, the Land Conservation and Development Commission (LCDC), by issuing a "corrected acknowledgment order" identical in all material respects to an earlier final acknowledgment order save for the correction of an insignificant typographical error and the date of entry, can extend or renew the period during which judicial review may be requested concerning the substance of the order. We hold that LCDC may not and that such corrected order has no effect on the period in which to seek review.

In October 1983, Clatsop County submitted its comprehensive plan to LCDC for acknowledgment under ORS 197.251. LCDC held two public hearings. Petitioner 1000 Friends of Oregon (1000 Friends) appeared at both hearings and gave written and oral testimony. On May 31, 1984, LCDC announced that if Clatsop County would make certain changes in its plan, LCDC would allow a "segmented acknowledgment."[1] On June 27, 1984, Clatsop County held a public hearing concerning the changes suggested by LCDC. 1000 Friends received notice of this hearing. Clatsop County approved the changes and forwarded the revisions to LCDC.

On August 3, 1984, LCDC Commissioner Church wrote Clatsop County advising that the County's plan had been acknowledged, and that a continuance order had been issued regarding the segmented areas. Accompanying the LCDC letter were copies of the compliance acknowledgment order (84-ACK-136) and the continuance order (84-CONT-137).

The compliance acknowledgment order provided:

"This matter came before the Commission on May 31, 1984, as a request for acknowledgment of compliance pursuant to ORS 197.251 and the Commission Acknowledgment Rule, OAR 660-03-000 to 660-03-033. The Commission, having fully considered Clatsop County's comprehensive plan and land use regulations, comments and objections of interested parties and the report of the Department of Land Conservation and Development, now enters its:

---

[1] "Segmented acknowledgment" is not defined in ORS chapter 197 or OAR chapter 660. *See* note 5 *infra*.

*Finding of Fact and Conclusions*

"1. Clatsop County's request for acknowledgment of compliance was reviewed by the Commission previously on September 25, 1984 pursuant to ORS 197.251 and the Commission Acknowledgment Rule, OAR 660-03-000 to 660-03-033.

"* * * * *

"THEREFORE, IT IS HEREBY ORDERED THAT:

"The Land Conservation and Development Commission acknowledges that Clatsop County's Comprehensive Plan and land use Regulations comply with the Statewide Planning Goals except as provided in its Continuance Order 84-CONT-137.

"DATED THIS 3rd DAY OF AUGUST 1984.

"* * * * *

"NOTICE: You are entitled to Judicial review of this Order. Judicial review may be obtained by filing a petition for review within 60 days from the service of this final Order. Judicial review is pursuant to the provisions of ORS Ch. 183.42 (*sic*) and ORS 197.650. * * *."

Shortly after receiving the letter and accompanying orders Clatsop County notified LCDC that Finding of Fact Number 1 in the acknowledgment order was incorrect in stating that Clatsop County's acknowledgment request previously had been reviewed by LCDC on September 25, 1984. The correct date of the prior review was September 25, 1981. The August 3 continuance order reflected the correct date. On September 10, 1984, LCDC mailed a corrected acknowledgment order to Clatsop County and petitioner. In an accompanying letter LCDC apologized for the "typographical" error. The corrected acknowledgment order was dated September 7, 1984, and was identical to the original order except for the correction of the earlier review date. The September 7 order also contained a notice of appeal rights identical to that in the August 3 order.

On November 5, 1984, petitioner filed in the Court of Appeals a petition for judicial review of the September 7 corrected order. Clatsop County filed a motion to dismiss the

petition as untimely as it was not filed within 60 days of the August 3 order. *See* ORS 197.650, 183.482(1).[2]

The county argued that the correction compliance acknowledgment order of September 7 did not alter the rights or obligations determined by the original order, nor could the correction order act to extend or renew the period within which judicial review of the matters determined in the original order might be requested. The Court of Appeals granted Clatsop County's motion and dismissed 1000 Friends' petition for judicial review. 77 Or App 502, 713 P2d 684 (1986).

The Court of Appeals relied upon our decision in *Mullinax v. Mullinax,* 292 Or 416, 430, 639 P2d 628 (1982), where we held as regards minor corrections of judgments:

> "* * * If the amendment of a final judgment or decree for the purpose of correcting a "clerical error" either materially alters rights or obligations determined by the prior judgment or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree."

1000 Friends petitioned for review in this court asserting that the Court of Appeals' application of the *Mullinax* rule was "[a]n unwarranted extension * * * of a principle of trial court practice * * * to a state agency contested case order that unfairly deprived petitioner of its right to judicial review."

1000 Friends' argument is two-pronged. First, that

---

[2] ORS 197.650(1) provides in part:

"(1) A commission order may be appealed to the Court of Appeals in the manner provided in ORS 183.482 * * *."

ORS 183.482(1) provides in part:

"(1) Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute. * * *"

Absent a controlling statute, only "final orders", ORS 183.310(5)(b), are subject to judicial review. ORS 183.480(1).

LCDC's corrected order, which on its face complied with the requirements related to the form of a final order (ORS 183.310(5)(b), 183.470(4), 197.251(5)), superseded the original final order. Second, that LCDC should be estopped from denying that its corrected order was a final order for the purposes of computing the appropriate review period.

## The Mullinax Rule and LCDC Orders

■ Although the issue in *Mullinax* is in some ways similar to that in this case, the effect and reviewability of judicial orders are governed by principles and provisions of law distinct from those applicable to administrative bodies generally and LCDC in particular. Trial courts have inherent authority to correct the record to speak the truth, even after jurisdiction over the cause has otherwise been acquired by a reviewing court. *See e.g., Mullinax v. Mullinax, supra,* 292 Or at 423.[3]

■ Administrative agencies on the other hand, absent a constitutional provision concerning their function and authority, derive their authority from (1) the enabling legislation that mandates that particular agency's function and grants powers, and (2) from general laws affecting administrative bodies. Some agencies are given express authority to reconsider, amend, correct or modify orders that would otherwise be final or to monitor conditions over time to best implement a particular statutory scheme. The Workers' Compensation Board is one such agency. *See* ORS 656.278(1); *see also* ORS 657.290; 657.676.

In another context we have held that "an order correcting some minor clerical mistake in reciting a fact that need never have been recited in the first place and that all parties must have recognized as an obvious immaterial error"

---

[3] Further, ORCP 71 A. (adopted 12/13/80) provides:

"A. Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected under this section only with leave of the appellate court."

*See* ORS 19.033(1) Appeal from trial court determinations are covered by ORS chapter 19. Judicial review of agency decisions is governed by applicable provisions of the Administrative Procedures Act and the particular agency's enabling legislation.

would not extend the period of review from the original order. *Chisholm v. SAIF,* 277 Or 51, 559 P2d 511 (1977), *adopting* 26 Or App 627, 631, 553 P2d 1083 (1976) (Schwab, C.J., dissenting). So far as the type of correction is concerned, the error corrected in *Chisholm* is identical to that in this case, an immaterial date recited in the order. *Chisholm* is distinguishable from the present case because it involved a different agency and because the corrected order there did not contain required notice of appeal rights.

■ Parallels between the judicial powers of courts and the quasi-judicial or administrative powers of agencies are useful only to the extent that similarities between the two systems may aid the appropriate decisionmaker to determine whether authority to affect an otherwise final order should be implied where the statutes governing the agency's authority do not expressly so provide. When the question is one of an agency's authority to act in a certain way, the first resort is to the legislation and rules governing that agency. *See, e.g., Yamada v. Natural Disaster Claims Commission,* 54 Haw 621, 626, 513 P2d 1001 (1973). Although common principles may apply to diverse agencies, neither agency officials nor those affected by agency action should assume uncritically that all agencies or officials have the same or similar authority regarding their respective final orders.

So far as compliance acknowledgment orders are concerned, LCDC has at least two distinct duties. First, LCDC must·review proposed comprehensive plans for compliance with the land use laws. ORS 197.251. "Time is of the essence" in making final decisions concerning land use matters and those decisions should "be made consistently with sound principles governing judicial review." ORS 197.805.[4] Where, as here, the acknowledgment request comes subsequent to a continuance order, LCDC, by its own rule, must expedite reconsideration of the request. OAR 660-03-032(2). Such reconsideration generally is limited to portions of the plan

---

[4] ORS 197.805 sets forth a legislative policy regarding final decision in matters involving land use:

"It is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use and that those decisions be made consistently with sound principles governing judicial review * * *."

Though this statute is found among those concerning the Land Use Board of Appeals, the policy statement there set forth applies to land use matters generally.

found not to be in compliance with land use law in the earlier continuance order. OAR 660-03-025(9); 660-03-032.[5] Second,

---

[5] ORS 197.251(13)(a) provides:

"(13) As used in this section:

"(a) 'Continuance' means a commission order that:

"(A) Certifies that all or part of a comprehensive plan, land use regulations or both a comprehensive plan and land use regulations do not comply with one or more goals;

"(B) Specifies amendments or other action that must be completed within a specified time period for acknowledgment to occur; and

"(C) Is a final order for purposes of judicial review of the comprehensive plan, land use regulations or both the comprehensive plan and land use regulations as to the part of the plan, regulations or both the plan and regulations that are in compliance with the goals."

*See also* OAR 660-03-005(7).

OAR 660-03-025 (7)-(9) provides:

"(7) At the time of consideration of the acknowledgment request the Commission shall either grant, continue, postpone for extenuating circumstances or deny the acknowledgment request pursuant to 197.251(1).

"(8) Commission orders for acknowledgment, continuance or denial shall be provided to the local government requesting acknowledgment, commentors, and objectors.

"(9) When the Commission resumes its consideration of the acknowledgment request, submitted subsequent to a continuance order, it shall limit its review to a determination of whether the corrections submitted bring the acknowledgment submission into conformance with the Statewide Planning Goals found not to be complied with in the previous review, unless conformance with other Goals is affected by the corrections.

OAR 660-03-032(2),(3) and (5) provide:

"(2) When the Commission reconsiders an acknowledgment request subsequent to a Continuance Order; the Commission shall expedite the acknowledgment procedure by relying on the previous record and limiting additional comments and objections, affected agency comments, and the Director's review to only those aspects of a city's or county's comprehensive plan or implementing ordinances previously identified by the Commission as not being in compliance.

"(3) Upon receipt of corrections made pursuant to a Continuance Order submitted by a local government the Department shall notify all persons who are entitled to notice of the local government's acknowledgment request under subsection (l)(a) of this rule, of the time and place where the corrections may be inspected and the time within which objections or comments to the corrections must be submitted.

"* * * * *

"(5) The Commission's review of corrections made pursuant to a continuance order or the Commission's review of a new acknowledgment request made subsequent to a denial by the Commission will be conducted in accordance with the requirements of OAR 660-03-025."

LCDC must either grant, deny or continue acknowledgment within 90 days of the local government's request, unless LCDC finds extenuating circumstances require more time. ORS 197.251(1).

An LCDC order granting, denying or continuing acknowledgment must include a clear statement of findings that sets forth the basis for the approval, denial or continuance of acknowledgment. ORS 197.251(5). These findings shall identify the goals with which the comprehensive plan and land use regulations comply and those with which they do not comply. ORS 197.251(5)(a). "The findings shall * * * [i]nclude a clear statement of findings in support of the determinations of compliance or non-compliance." ORS 197.251(5)(b). The order also must comply with other applicable provisions. *See* ORS 183.310(5)(b).

■ OAR 660-03-025 governs LCDC acknowledgment review. OAR 660-03-025(7) provides that "[a]t the time of consideration of the acknowledgement request, the Commission shall either grant, continue, postpone for extenuating circumstances or deny the acknowledgment request pursuant to ORS 197.251(1)." Thus, it is "at the time of consideration of the acknowledgment request" that LCDC issues its order under ORS 197.251(1). An acknowledgment or continuance order, once issued, is final for the purpose of seeking judicial review. In the present instance only the August 3 order was issued "at the time of consideration of the acknowledgment request." The correction order had nothing to do with consideration of the acknowledgment request, nor did it reconsider[6]

---

[6] The parties have not directed our attention, nor have we found express statutory authority for LCDC to correct its own final orders such as provided trial courts in ORCP 71A. LCDC has adopted rules on reconsideration of its own acknowledgment-related orders, OAR 660-03-032, in the context of acknowledgment requests pursuant to a continuance order, and in the Attorney General's Model Rules of Administrative Procedure at 137-03-080 (adopted by LCDC in OAR 660-01-005 pursuant to ORS 183.341). In 1982 LCDC promulgated a temporary rule OAR 660-03-036 governing the modification of a commission order. (LCDC 7-1982 (temp)). That rule provided:

"*Modification of Commission Order*

"(1) Upon request by the affected local government or by a motion of the Commission, a Commission Order issued pursuant to ORS 197.251 (OAR 660-03-025) may be modified through the following process:

"(a) Commentors and objectors to the initial acknowledgment request shall be given at least 20 days notice of the hearing on the proposed modification of the Commission Order. The Department of Land Conservation and Development

the initial determinations relevant to the acknowledgment request.

When LCDC issues an acknowledgment or continuance order, the deliberative process is over (so far as the portion of the plan found to be in compliance with land use law is concerned), subject to possible reconsideration based upon errors in the substance of the order and later to action on periodic review if any of the situations described in ORS 197.640(3) exist.

■     Though the action taken by LCDC in this case did not purport to be a reconsideration, the effect asserted by 1000 Friends — that the new order initiated a new review period — is the same as if it were. Without deciding whether reconsideration of final LCDC orders is authorized in other circumstances, we hold that, in the absence of statutory provisions to the contrary, an order correcting only minor factual clerical

shall be responsible for providing the notice. The notice shall specify the proposed modification and indicate where and when the materials related to the modification may be reviewed.

"(b) The Commission shall hold a hearing on the proposed modification of the order, and allow commentors and objectors to submit written or oral testimony on the modification of the order. Testimony shall be limited to the issues raised in the request for modification.

"(c) The Commission order, as modified, shall be issued. Only that portion of the order which is modified shall be subject to judicial review as outlined in ORS 197.650; those portions of the order not affected by the modification shall not be subject to additional judicial review beyond that provided for in the initial order.

"OAR 660-03-035 'Modification of Commission Order' shall be effective for a period of 90 days, unless repealed at an earlier date."

"Statutory Authority. ORS Chapter 197. ORS Chapter 183.

"Statement of Need/Findings. This administrative rule is necessary, in order to provide a process for the modification of Commission orders issued·in acknowledgment proceedings. The procedures ensure that the due process rights of commentors and objectors are provided for in considering modifications to Commission orders.

"The failure to act promptly will result in serious prejudice to the public interest in that an existing Commission order is in need of modification due to changes in circumstances since the order was issued. The public interest is served by expeditiously providing an orderly process for modifying Commission orders."

(Note: The OAR lists this rule as OAR 660-03-036 while the commission order adopting the rule identifies it as OAR 660-03-035.) *Cf.* OAR 660-03-032(5); 660-03-025(9) (resumption of consideration of acknowledgement request under continuance order, review limited to those matters found not to be in compliance under earlier order).

errors that were not germane to a determination that is the subject of the final order cannot extend the period of review of the final order. Before an order correcting an otherwise final order can affect the period of review of the first order, the correction must at least affect a matter necessary to the initial determination. *See Chisholm v. SAIF, supra.*

### Estoppel

1000 Friends also argues that because it relied upon the notice of appeal rights in the September 7 correcting order and so did not file its petition for judicial review until November 5, 1984, that LCDC and Clatsop County are now estopped from denying that the petition was untimely filed. It cites no legal precedent in support of this argument. Whatever merit an estoppel argument against an administrative agency may have in other contexts, it cannot serve to confer jurisdiction on a court where jurisdiction does not otherwise exist. *Compare Farwest Landscaping Inc. v. Modern Merchandising,* 287 Or 653, 601 P2d 1257 (1979); *Junction City Water Control v. Elliott,* 65 Or App 548, 672 P2d 59 (1983).

■ Even were LCDC estopped to deny that its second order was a final reviewable order, that could not confer jurisdiction on the Court of Appeals. *See Lane Council of Governments v. Employment Association,* 277 Or 638, 561 P2d 1021, reh den 278 Or 335, 563 P2d 729 (1977). The Court of Appeals' jurisdiction to review LDCD orders is purely statutory and depends for its existence on the timely filing of a request for review from a final order. The court must make its own determination of jurisdiction in any particular case. *See, e.g., Lloyd v. Zollman,* 285 Or 161, 590 P2d 222 (1979). The Court of Appeals correctly concluded that jurisdiction was lacking here.[7]

The Court of Appeals is affirmed.

---

[7] 1000 Friends did not contend that its estoppel argument was based upon either the state or federal constitution, or that an officer or agency of an administrative department could, by taking action beyond its authority, bind a separate branch, the judicial, by an estoppel.