Argued October 4, remanded with instructions October 18, 1967

SHUPE, *Appellant, v.* STATE COMPENSA-
TION DEPARTMENT, *Respondent.*

432 P. 2d 793

*William A. Babcock,* Springfield, argued the cause for appellant. On the brief were D. R. Dimick and A. C. Roll, Roseburg, and Babcock & Ackerman, Springfield.

Robert Y. Thornton, Attorney General, Wallace Carpenter, Assistant Attorney General, and Donald J. Howe, Assistant Attorney General, Salem, filed a brief for respondent.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

MCALLISTER, J.

The sole question on this appeal is whether the circuit court must allow an attorney's fee to a claimant whose award of compensation is affirmed by the court on an appeal initiated by the State Compensation Department.

It appears from the record that the claimant Shupe was injured on February 8, 1966, while working for an employer insured through the State Compensation Department, hereinafter called the department. Shupe duly filed a claim for compensation under the Workmen's Compensation Law. The claim was rejected by the department on the ground that Shupe had not sustained a compensable accidental injury. Shupe filed a request for a hearing before the Workmen's Compensation Board, hereinafter called the board. The matter was assigned to a hearing officer of the board, who held a hearing and on June 9, 1966 ordered the department to accept Shupe's claim and to pay him compensation as provided by law. The order further directed the department to pay additional compensation of 25% of the amount then due as a penalty under ORS 656.262 (8), and awarded Shupe an attorney's fee of $500.

The department requested the board to review the order of the hearing officer, and on September 22, 1966, the board entered an order affirming the order of the hearing officer in all respects. The board, pursuant to ORS 656.386, ordered the department to pay to Shupe's attorney an additional fee of $200 for serv-

ices rendered in connection with the review by the board.

The State Compensation Department next appealed from the order of the board to the circuit court for Curry county. On December 30, 1966, the circuit court affirmed the order of the board in all respects. The order of the circuit court awarded claimant his costs and disbursements, but contained no award of attorney's fees. A subsequent motion by claimant for an allowance of attorney's fees was denied, and claimant has appealed.

We think the circuit court erred in refusing to require the department to pay claimant or his attorney a reasonable attorney's fee for services on the appeal. The applicable statute ORS 656.382 (2)① provides in substance that if a court appeal is initiated by the department and the court finds that the compensation awarded to a claimant should not be disallowed or reduced, the department "shall be required" to pay to the claimant or his attorney a reasonable attorney's fee. In the case at bar, compensation had been awarded to the claimant by the hearing officer and the award had been affirmed by the board. The appeal to the circuit court was then initiated by the department and the court found that the compensation previously awarded to Shupe should not be disallowed or reduced. Under those circumstances the statute, in

---

① ORS 656.382 (2). "If a request for hearing, request for review or court appeal is initiated by an employer or the department, and the hearing officer, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or department shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the hearing officer, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

mandatory terms, requires the allowance to the claimant of a reasonable attorney's fee.

This matter is remanded to the circuit court with instructions to enter an order requiring the department to pay to claimant or his attorney a reasonable attorney's fee, to be fixed by the court, for legal services performed by claimant's attorney in connection with the appeal to the circuit court.