Argued October 28, affirmed as modified December 16, 1974

MUNCY, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*
529 P2d 407

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Scott F. Gilman,* Portland, argued the cause for respondent. With him on the brief were Richard C. Bemis and Bemis, Breathouwer & Joseph, Portland.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

THORNTON, J.

The State Accident Insurance Fund (SAIF) appeals from that part of a circuit court judgment awarding claimant an attorney's fee of $1,000.

As its assignment of error SAIF contends that the attorney's fee was neither proper nor reasonable.

The essential facts are as follows:

Claimant, a deputy sheriff for Multnomah County,

filed a claim for compensation with SAIF contending that infectious mononucleosis followed by symptoms of Guillain-Barre syndrome with mononucleosis, from which he had suffered, qualified as an occupational disease. The claim was denied by SAIF, and claimant filed a request for a hearing before a referee.

A hearing was held and the referee ruled that the claim should have been allowed. The referee also awarded claimant an attorney's fee of $500 to be paid by SAIF.

SAIF then asked for and received a review before the Workmen's Compensation Board. The Board affirmed the order of the referee and awarded claimant an additional attorney's fee of $250.

SAIF then filed a notice of appeal to the circuit court of Multnomah County. Both parties waived written and oral arguments and informed the court that they would stand on the record as developed through prior hearings. The circuit court affirmed the Board's award and awarded claimant an attorney's fee of $1,000 (the total award was $1,750, but $750 represented fees from the proceedings below). Legal representation for the circuit court appeal required 2.5 hours and consisted of: taking notice of the appeal, writing a letter to claimant, reviewing the circuit court's letter opinion, and drafting, correcting and presenting findings of fact, conclusions of law and judgment to the circuit court.

■ Judicial review of workmen's compensation claims is de novo on the record to the same extent as are proceedings in a review of an equity decree. *Pettit v. Austin Logging Co.,* 9 Or App 347, 497 P2d 207 (1972); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471

P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

■ SAIF contends that the award of any fee by the circuit court is improper. We find SAIF's contention to be untenable. ORS 656.382 (2)[1] provides that a claimant is to be awarded attorney's fees when SAIF prosecutes an unsuccessful appeal to reduce or disallow a compensation award. *Shupe v. Compensation Department,* 248 Or 129, 432 P2d 793 (1967). *See, Giese v. Safeway Stores,* 10 Or App 452, 499 P2d 1364, 501 P2d 982, Sup Ct *review denied* (1972); Pettit v. *Austin Logging Co.,* supra.

We find that an award of an attorney's fee is proper.

We next consider SAIF's contention that the $1,000 fee awarded by the circuit court is unreasonable.

■ We find that a $1,000 fee for representation in connection with an appeal to a circuit court requiring no court appearance and no additional briefing or legal memoranda is unreasonable.

■ Claimant was awarded pursuant to ORS 656.-386 (1)[2] an attorney's fee of $500 for representation

---

[1] ORS 656.382 (2) provides:

"If a * * * request for review or court appeal is initiated by * * * the fund, and the * * * board or court finds that the compensation awarded to a claimant shall not be disallowed or reduced, the * * * fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the * * * review or appeal."

[2] ORS 656.386 (1) provides:

"In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order

before the referee on a .rejected claim. Claimant was further awarded $250 attorney's fee pursuant to ORS 656.382 (2) for the review before the Workmen's Compensation Board initiated by SAIF. Claimant was entitled under ORS 656.388 (2)[9] to ask for review of the amount of fees awarded, for the proceedings before the referee and/or the Board if a disagreement existed between claimant and the referee and/or the Board. There was no disagreement and no request for review; therefore the $750 in attorney's fee from the proceedings before the referee and the Board is proper and not subject to further modification. We consider the $1,000 in issue as an award for the circuit court proceedings only and not as an additional award for the entire proceedings; as such, we confine our inquiry into the reasonableness of the award to the proceedings before the circuit court.

■ In determining the reasonableness of attorney's fees we consider several factors: time devoted to the case; complexity of the issues involved; value of the interest involved; skill and standing of counsel; na-

---

denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388 * * *."

[9] ORS 656.388 (2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

ture of the proceedings; and results secured. *Colbath and Colbath,* 15 Or App 568, 516 P2d 763 (1973). *See also, Newbern v. Gas-Ice Corporation,* 263 Or 250, 258, 501 P2d 1294 (1972).

We conclude from an examination of the record and consideration of all factors that an allowance of an attorney's fee of $150 is proper.

Affirmed as modified.