Argued January 5, reversed January 27, 1977

CHISHOLM, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND, *Petitioner.*
(No. 94402, CA 6217, SC 24766)
559 P2d 511

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Robert E. Martin, Portland, argued the cause and filed a brief for respondent.

PER CURIAM.

## PER CURIAM.

An order determining a Workmen's Compensation claim was mailed by the referee to the parties on August 27, 1975. On September 3, 1975, an amended order was mailed which made no change in the disposition of the case and was identical with the original order except that it corrected only the recitation of the date on which the hearing was held before the referee. ORS 656.289(3)[1] provides that an order is final unless review is requested within thirty days of the time the referee's order determining the case is mailed to the parties. Claimant did not request review within thirty days of the day the original order determining the case was mailed but did request review within thirty days of the date that the correction was mailed. The issue is whether the request for review was timely. A majority of the sitting judges of the Court of Appeals held that the request for review was timely, 26 Or App 627, 553 P2d 1083 (1976). Chief Judge Schwab dissented.

The recitation of the date of the hearing in the original order was immaterial and unnecessary and could in no way affect the right of the parties. The correction concerned an irrelevancy. The request for review was not timely because it was not made within thirty days of the order determining the rights of the parties.

We reverse the decision of the Court of Appeals and adopt the dissent of the Chief Judge.

---

[1] "656.289 Orders of referee; contents, disposition and effect; review. (1) Upon the conclusion of any hearing, or prior thereto with concurrence of the parties, the referee shall promptly and not later than 30 days after the hearing determine the matter and make an order in accordance with his determination.

"(2) The order shall be filed with the board. A copy of the order shall be sent forthwith by mail to all parties in interest.

"(3) The order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the board * * *.