Argued and submitted February 9, reversed and remanded for
further proceedings May 11, 1981

In the Matter of the Compensation of
Norman Anlauf, Claimant.

STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Petitioner,*

*v.*

ANLAUF,
*Respondent.*

(No. 78-431, CA 19072)

627 P2d 1269

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Kenneth D. Peterson, Jr., Eugene, argued the cause for respondent. On the brief were Evohl F. Malagon and Malagon, Velure & Yates, Eugene.

Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem, filed a brief amicus curiae.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, the State Accident Insurance Fund (SAIF) appeals from an order of the Workers' Compensation Board (Board) dismissing SAIF's request for review of the amount of an attorney fee ordered by the referee to be paid by it in addition to claimant's award. The Board held that the exclusive remedy available to SAIF for resolving the dispute was provided in ORS 656.388(2)[1] and that it was without jurisdiction to review the referee's determination. The Board dismissed SAIF's petition for review. We reverse and remand.

Claimant moved to dismiss this appeal pursuant to Rule 9.10, Rules of Appellate Procedure,[2] contending that the Board's order is not subject to review under ORS 656.298 and that the appeal involves a hypothetical question because SAIF has an alternative remedy at law which it has not yet "exhausted."

■ ORS 656.298(1) provides, in part, that "[a]ny party affected by an order of the Board may * * * request judicial review of the order with the Court of Appeals." Claimant argues that the order in issue here was not a "quasi-judicial" order but, rather, an expression of Board policy in a "quasi-legislative" act not subject to direct review under ORS 656.298(1). We disagree. The order of the Board in this case was a "quasi-judicial" order. The Board's determination concerning its jurisdiction was final and reviewable. SAIF is a party affected by the Board's order. We conclude that we have jurisdiction under ORS 656.298(1) to review the Board's decision.

■ We also conclude that SAIF's failure to "exhaust" the remedy available under ORS 656.388(2) does not require dismissal of this appeal. The issue here is the review

---

[1] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

[2] Rule 9.10, in pertinent part, provides that "a party may challenge the jurisdiction of the appellate court under Oregon statute or otherwise by motion made at any time during the appellate process."

jurisdiction of the Board. SAIF asserts a right under ORS 656.295 to seek review of the referee's decision with regard to the amount of an attorney fee. No "hypothetical" question is presented for our consideration. The issue raised by this appeal is not affected by the availability of an alternate forum for resolving the underlying dispute in this case. Claimant's motion to dismiss is denied.

■        The issues in this case are controlled by ORS 656.386(1):

> "* * * In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer."

SAIF argues that direct review to the Board of the referee's order pursuant to ORS 656.295 is the exclusive method of review where an attorney fee is ordered to be paid by SAIF in addition to claimant's compensation award as opposed to a fee paid by claimant out of his award. In *SAIF v. Huggins,* 52 Or App 121, 627 P2d 1272 (1981), we rejected the argument that the *summary procedure* provided for in ORS 656.388(2) does not apply where an attorney fee is to be paid by SAIF in addition to a compensation award. In reaching that conclusion, we noted that ORS 656.386(1), which provides for an attorney fee to be paid in addition to compensation on a successful appeal from a denied claim, expressly provides that the summary procedure in ORS 656.388(2) was available to resolve disputes as to the amount of a fee allowed under that statute. It follows that we disagree with SAIF that direct Board review is the exclusive method of review in this case. Circuit court review is also available pursuant to ORS 656.386(1). *SAIF v. Huggins, supra; see also, Moe v. Ceiling Systems,* 44 Or App 429, 606 P2d 644 (1980); *Bentley v. SAIF,* 38 Or App 473, 590 P2d 746 (1979); *Muncy v. SAIF,* 19 Or App 783, 529 P2d 407 (1974).

The specific issues here, however, were not raised in *Huggins.* It remains for us to determine whether SAIF *may* seek Board review of the amount of an attorney fee and whether the *Board* has jurisdiction to review the amount of an attorney fee, considering the existence of the procedure provided for in ORS 656.388(2). The amicus contends that the terms of ORS 656.388(2) make the use of the procedure provided for in that section *mandatory* in *any case* which involves a question of the amount of an attorney fee. The amicus further argues that there is no statutory authority for the Board to review the amount of an attorney fee award.

■   As noted, the provisions of ORS 656.386(1), not ORS 656.388(2), control the question in this case. ORS 656.386(1) provides that in the event a dispute arises as to the amount of a fee ordered to be paid by SAIF under that statute, the amount *"may be settled as provided for in subsection (2) of ORS 656.388."* Thus, while ORS 656.388(2) might arguably make circuit court review the exclusive method in a case where an attorney fee is ordered to be paid out of compensation, no such requirement exists in a case where the fee is ordered to be paid by SAIF in addition to compensation under ORS 656.386(1). Nothing in the language of ORS 656.386(1) or the statute's legislative history indicate that the legislature intended to remove the right of a party in such cases to petition the Board for review pursuant to ORS 656.295.

We conclude that direct Board review, pursuant to ORS 656.295, is not removed by ORS 656.386(1). SAIF had the right to request review of the referee's order pursuant to ORS 656.295. The Board had jurisdiction to consider the question raised in SAIF's petition for review. Therefore, the Board erred in dismissing SAIF's petition for review on the ground that it was without jurisdiction to review the referee's order. Accordingly, we remand the case to the Board for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.