Argued and submitted February 9, affirmed May 11, 1981

In the Matter of the Compensation of
Jerry K. Huggins, Claimant.

STATE ACCIDENT INSURANCE
FUND CORPORATION,
*Appellant,*

*v.*

HUGGINS,
*Respondent.*

(No. E80-2031, CA 19167)

627 P2d 1272

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for appellant. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Kenneth D. Peterson, Jr., Eugene, argued the cause for respondent. On the brief were Steven C. Yates, and Malagon, Velure & Yates, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The State Accident Insurance Fund appeals from a circuit court order setting the amount of an attorney fee as prescribed in ORS 656.388(2).

> "If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

The issue is whether the circuit court had jurisdiction under that statute to set the amount of an attorney fee in a workers' compensation case where the referee, pursuant to ORS 656.386(1), awarded the fee to be paid by SAIF in addition to claimant's compensation award. We affirm.

Claimant sought compensation for an industrial injury. SAIF denied the claim and claimant requested a hearing. The referee ordered SAIF to accept the claim. In addition, SAIF was ordered to pay $1100 to claimant's attorney. Dissatisfied with the referee's fee award, claimant's attorney filed a motion pursuant to ORS 656.388(2) requesting the circuit court to determine the amount of his fee. SAIF sought permission to intervene. The court granted that permission and held a hearing, at which time claimant's attorney and counsel for SAIF appeared. The court increased the amount of attorney fees to be paid over and above the compensation award.

SAIF contends that the circuit court had no jurisdiction under ORS 656.388(2) to set the amount of the attorney fees. SAIF argues that ORS 656.388 gives the circuit court jurisdiction *only* in those cases where an attorney fee is ordered to be paid out of claimant's compensation award. Claimant contends that ORS 656.388(2) applies whenever a dispute as to the amount of an attorney fee arises, and that claimant's attorney had a right to utilize the summary procedures specified in the statute.

The issue is controlled by ORS 656.386(1), which provides:

> "* * * In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the

board itself, then the referee or board shall allow a reasonable attorney fee; however, in the event a dispute arises as to the amount allowed by the referee or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer."

As noted, SAIF contends that ORS 656.388 does not apply in this case. In support of its argument, SAIF points out that: (1) ORS 656.388(2) does not provide for any notice to, or appearance by, an adverse party, i.e., the only requirement is a controversy between claimant's attorney and either the referee or Board and there is no provision for participation by SAIF; and (2) ORS 656.388(3) provides that an attorney fee allowed under the statute becomes a lien on the claimant's compensation, which can only occur where a fee is to be paid out of a compensation award. It follows, SAIF contends, that the statute applies only where attorney fees are to be paid by a claimant from his compensation award, its purpose being to resolve disputes between claimants and their attorneys concerning fees for legal representation.

ORS 656.386(1) specifically refers to ORS 656.388(2) as a procedure that may be used to resolve a dispute as to the amount of attorney fees to be paid by the employer or insurer in addition to compensation. The reference in ORS 656.386(1) does not incorporate all of ORS 656.388, but refers only to the procedure in subsection (2). Although the language of ORS 656.388(1) and (3), as pointed out by SAIF, would seem to restrict the use of that statute to disputes regarding attorney fees paid from compensation, the specific reference to ORS 656.388(2) in ORS 656.386(1) shows a legislative intent that the *procedure* be applicable to disputed awards of attorney fees ordered in addition to compensation.

■■ The fact that ORS 656.388 does not contain a specific provision for making the employer or insurer a party to the circuit court proceedings does not eliminate the right of an affected empoyer or insurer to notice and an

opportunity to appear. *See Giltner v. Commodore Con. Carriers,* 14 Or App 340, 349, 513 P2d 541 (1973). When an attorney fee award, made pursuant to ORS 656.386(1) to be paid in addition to compensation, is disputed by claimant or his attorney by initiation of a proceedings in circuit court pursuant to ORS 656.388(2), due process requires that the affected employer or insurer be given written notice of the proceedings. The statute (ORS 656.388(2)) incorporates, by implication, the due process requirement of notice and opportunity to appear. *Giltner v. Commodore Con. Carriers, supra.*

■    We conclude the procedure of ORS 656.388(2) is applicable to resolve disputes as to the amount of attorney fees awarded pursuant to ORS 656.386(1) and may be utilized by either party to the dispute. The circuit court had jurisdiction to set the amount of attorney's fees.[1]

Affirmed.

---

[1] SAIF does not raise on appeal any issue with regard to the reasonableness of the amount awarded claimant's attorney by the circuit court. That issue, therefore, is not before us for determination.