Argued and submitted June 24, affirmed in part; reversed in part and remanded
for further proceedings August 3, 1981

# In the Matter of the Compensation of
# Jess A. Giger, Claimant.

## NEAL'S TRUCK STOP,
*Petitioner,*

*v.*

## GIGER,
*Respondent.*

## (WCB No. 78-9716, CA 19649)

632 P2d 464

Margaret H. Leek Leiberan, Portland, argued the cause for petitioner. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Steven Yates, Eugene, argued the cause for respondent. On the brief were Evohl F. Malagon, and Malagon, Velure & Yates, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

The issues in this workers' compensation case are whether claimant has proved a causal connection between his injury and his disability and whether the attorney fee awarded by the referee was reasonable.

Claimant suffered an injury to his right leg in August, 1975, when it was struck by a piece of metal while he was performing general labor for petitioner employer. Subsequent to the injury the leg became ulcerated, and claimant suffered persistent drainage from the ulcer. He was admitted to the hospital for treatment of these conditions a few days following the accident and since that time has had numerous operations performed on the leg to correct the persistent opening and closing of the wound. By a determination order entered April 5, 1977, claimant was awarded time loss benefits to the date of the accident. Claimant has not worked since his initial hospitalization. He is 67 years old. Prior to the accident he had been steadily employed as a mechanic, truck driver and millworker.

■　　By letter of October 27, 1978, petitioner's insurer denied claimant payment for further medical benefits. A hearing was held August 23, 1979; the referee found "the need for further medical care and treatment is certainly obvious [from photographs of claimant's leg.]" The referee's opinion stated:

> "* * * [C]laimant's pre-existing osteomyelitis was aggravated pathologically both in tissue and in function by the industrial injury of August 19, 1975 * * *. The aggravation has occurred since the last arrangement of compensation on April 5, 1977. Carrier's denial was incorrect."

The referee ordered the claim reopened and payment of all medicals and time loss benefits retroactive to the date of the determination order. Claimant was awarded a $2,250 attorney fee in addition to the compensation. The Workers' Compensation Board (Board) affirmed the referee on the merits. The Board left the attorney fee award intact. It said:

> "It is the Board's policy to handle attorney fee issues under the provisions of ORS 656.388(2). Therefore, it will not make a determination of the reasonableness of the fee

in this case, but will leave it for the employer to proceed as it wishes."

The employer appeals. Our review is *de novo.* ORS 656.298(6).

■        On our review of the record, we agree with the referee and the Board that claimant has proved by a preponderance of the medical evidence that there is a causal connection between his injury and the resultant disability. *Mandell v. SAIF,* 41 Or App 253, 597 P2d 1281 (1979). There were reports from three orthopedic surgeons regarding claimant's condition:   Dr. Balme, the Klamath Falls physician who treated claimant for and following the August 29, 1975 injury; Dr. Parker, of Oroville, California, who treated claimant beginning eight months after the injury in 1976 and 1977, when claimant returned to California to look for work, and who had previously treated claimant in 1966 for a similar condition; and Dr. Oberlin, also of California, who apparently saw claimant only once, in June, 1977. Dr. Oberlin was the only one of the three to find the claimant's leg ulcer to be related to an earlier 1937 injury and not the injury sustained in 1975 while working for this employer.[1]

In a series of letters to employer's insurer over the four-year period from September, 1975, to September, 1979, Dr. Balme repeatedly stated that the 1975 injury had caused "acute exacerbation" of the chronic osteomyelitis in claimant's right leg. He noted that for approximately ten years preceding the 1975 injury claimant had suffered no drainage problems with the leg.[2] His last letter stated unequivocally that the injury at issue caused "an aggravation of a pre-existing condition." Dr. Parker, who performed several operations on claimant's leg during 1976, stated in a letter to the insurer following these operations that the 1975 Oregon injury caused a "flare-up" of claimant's chronic osteomyelitis and that there was, therefore, in his mind, a medical causal relationship between the two. Thus, two of

---

[1] In 1937, claimant was involved in an automobile accident in which he suffered a fracture of the right tibia. All the doctors who examined claimant agreed he suffered from chronic osteomyelitis as a result of this injury.

[2] The last open ulceration of the leg occurred, claimant said, in 1966, when he struck the leg with a hoist while employed at a service station.

the three doctors agreed that claimant's continuing problems with his leg, extending into 1977 and 1978, were related to the 1975 industrial accident. The only doctor who disagreed had only examined claimant once, simply did not believe claimant's version of his medical history and was of the opinion that he was malingering. Claimant's proof clearly met the *Mandell* test.

■■ As to the attorney fee issue, the question of the Board's refusal to consider the reasonableness of the award has been settled by *SAIF v. Anlauf,* 52 Or App 115, 627 P2d 1269 (1981). As noted there, the governing statute is not ORS 656.388(2)[3], but ORS 656.295, providing for Board review of referee orders. We said in *Anlauf:*

> "[W]hile ORS 656.388(2) might arguably make circuit court review the exclusive method in a case where an attorney fee is ordered to be paid out of compensation, no such requirement exists in a case where the fee is ordered to be paid by SAIF in addition to compensation under ORS 656.386(1)." 52 Or App at 119.

Petitioner was here ordered to pay the fee in addition to compensation. Circuit court review is not mandatory. Petitioner had the right to request Board review of the referee's order, and the Board erred in refusing to consider the question of the reasonableness of the fee. Accordingly, the case is remanded for further proceedings on the attorney fee issue.

Affirmed in part; reversed in part and remanded for further proceedings.

---

[3] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge of the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."