Argued and submitted June 4, decision of the Court of Appeals is reversed; remanded to Workers' Compensation Board for entry of order consistent with his opinion September 3, 1986.

In the Matter of the Compensation of
Herschel R. Pitts, (Deceased), Claimant.
FARMERS INSURANCE GROUP,
*Petitioner on Review,*

*v.*

SAIF CORPORATION,
*Respondent on Review.*
KAISER CEMENT AND GYPSUM et al,
*Respondents.*
(WCB 80-03994, 82-05466, 82-00902; CA A34131; SC S32512)

724 P2d 799

Jerald P. Keene, Portland, argued the cause for petitioner on review. With him on the briefs was Roberts, Reinisch & Klor, Portland.

Darrell E. Bewley, Salem, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

PETERSON, C. J.

Jones, J., filed a dissenting opinion in which Linde, J., joined.

## PETERSON, C. J.

The claimant is a widow who filed a workers' compensation claim with the State Accident Insurance Fund (SAIF) and petitioner, Farmers Insurance Group (Farmers) in late 1981, following her husband's death from a condition later determined to be asbestos-related and attributable to his work. Farmers and SAIF had workers' compensation policies covering her husband's employer for different periods of time during which he could have been exposed to asbestos. Both Farmers and SAIF denied the claim.

One issue at the hearing was which insurer was responsible to pay benefits. On March 14, 1983, the referee issued an Opinion and Order holding that SAIF was "liable". The Opinion and Order made no provision for attorney fees but did contain the following notice:

> "NOTICE TO ALL PARTIES: If you are dissatisfied with this Order, you may, not later than thirty (30) days after the mailing date on this Order, request a review by the Workers' Compensation Board, 480 Church Street, S.E., Salem, Oregon 97310. Any such request for review shall be mailed to the Board at the above address with copies of such request mailed to all other parties to this proceeding. Failure to mail such a request for review within thirty (30) days after the mailing date of this Order will result in LOSS OF RIGHT TO APPEAL FROM THIS ORDER.

> "Entered at Portland, Oregon on March 14, 1983."

Accompanying the Opinion and Order was a letter dated March 14, 1983, from the referee to the attorneys for the parties, explaining:

> "The enclosed Opinion and Order does not make an award for attorneys' fees. The failure was intentional. I was unable to determine what the fee should be.

> "* * * * *

> "I desired to publish the Opinion and Order on the merits within the statutory time[1] which would be by the end of March 14, 1983.

---

[1] ORS 656.289(1) provides:

"Upon the conclusion of any hearing, or prior thereto with concurrence of the parties, the referee shall promptly and not later than 30 days after the hearing determine the matter and make an order in accordance with the referee's determination."

"This letter is to advise both of you that I desire a conference regarding the fees.

"I assured [SAIF's attorney] on March 11 by phone, and by this letter confirm that SAIF's right of appeal time shall run from the publication of the supplemental attorney fee Order, which will be after the proposed conference.

"I request, therefore, that no appeal be taken from the Order of today.

" I represent that the Supplemental Order shall issue prior to the expiration of 30 days from today."[2]

On April 5, 1983, the referee issued a Supplemental Order reciting the issuance of the March 14 order and that "[t]he matter of attorneys' fees was deferred," and ordered SAIF to pay attorney fees of $5,800.

The April 5, 1983, Supplemental Order provided:

"An Opinion and Order was issued in the above matter on March 14, 1983. The matter of attorneys' fees was deferred and, following a conference call with attorneys Murphy and Sawyer, and correspondence from both attorneys, dated, respectively, March 30, 1983, and March 29, 1983, the hearing was again closed, this time on March 31, 1983 upon receipt of the last of the two letters."

The Supplemental Order concerned only the award of attorney fees. It did not purport to republish, incorporate or reconsider the March 14 opinion and order that decided the other issues in the case. It contained a notice identical to the notice contained in the March 14 order.

One or more of the parties either were not sent or did not receive a copy of the April 5 supplemental order. A third order was issued on June 1, 1983, purporting to make that date the effective date for review rights. The June 1 order read in full as follows (omitting only the "NOTICE TO ALL PAR-TIES" language that was identical to the notices contained in the two earlier orders):

"It appearing that one or more parties and/or attorneys

---

[2]The only reference to attorney fees in the March 14, 1983 order was as follows: "Claimant's attorney presented data regarding attorneys' fees." The order itself gives no indication that it is not a final order.

either were not sent or did not receive copies of the Supplamental (*sic*) Order of April 5, 1983 in the above matter, and it further appearing that review rights were thus prejudiced:

"IT IS HEREBY ORDERED that review rights are effective the date of this Order."

SAIF filed a request for review with the Workers' Compensation Board (Board) on June 3, 1983. Farmers moved to dismiss the request for review insofar as untimely. The Board denied the motion to dismiss.

The Board ruled:

"By order dated March 14, 1983, the Referee found that the claim was timely filed and that SAIF was the responsible party. In a letter which accompanied the order, the Referee advised the parties that he intended to hold a conference call concerning an award of attorney fees. In his letter, the Referee confirmed his representation to SAIF"s counsel that SAIF"s appeal rights would run from the date of his supplemental order. The Referee specifically requested that no appeal be taken from his March 14, 1983 order.

"A Referee may reopen the record and reconsider his decision before a notice of appeal is filed or, if none is filed, before the appeal period expires. Reconsideration may be made upon the Referee's own motion. OAR 436-83-480(1). We find the Referee's letter, which accompanied his March 14 order constituted a motion to reconsider his March 14 order, as well as an order abating it.

"In a Supplemental Order, dated April 5, 1983, attorney fees were awarded. The Supplemental Order specifically referred to the March 14 order. Therefore,pursuant to the dictates of the April 5 order and the intentions expressed in the Referee's March 14 letter, appeal rights commenced from the date of the Supplemental Order."

The Board ordered:

"The Referee's order dated June 1, 1983, which incorporates by reference his orders of March 14, 1983 and April 5, 1983, is affirmed in part and reversed in part. That portion which found that the SAIF Corporation was the responsible party is reversed. SAIF"s denial is reinstated and affirmed. Farmers Insurance's denial dated June 16, 1982 is set aside and the claim is remanded to Farmers for further processing. The remainder of the Referee's order is affirmed. Claimant's

counsel shall receive $300 for services on Board review to be paid by Farmers Insurance."

Farmers sought judicial review in the Court of Appeals. It affirmed the Board on the jurisdiction issue and the effect of the March 14, April 5 and June 1 orders as affecting timely review and affirmed on the merits. Farmers petitioned for review.

ORS 656.289(1) (set forth in footnote 1) requires the referee to make an order "not later than 30 days after the hearing." ORS 656.289(3) states that the referee's "order is final unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests review by the board under ORS 656.295."

We previously have addressed timeliness of review under ORS 656.289(3). *Chisholm v. SAIF,* 277 Or 51, 559 P2d 511 (1977) (*per curiam*), involved the following facts:

"An order determining a Workmen's Compensation claim was mailed by the referee to the parties on August 27, 1975. On September 3, 1975, an amended order was mailed which made no change in the disposition of the case and was identical with the original order except that it corrected only the recitation of the date on which the hearing was held before the referee. ORS 656.289(3) provides that an order is final unless review is requested within thirty days of the time the referee's order determining the case is mailed to the parties. Claimant did not request review within thirty days of the day the original order determining the case was mailed but did request review within thirty days of the date that the correction was mailed. The issue is whether the request for review was timely. * * *." 277 Or at 53. (Footnote omitted.)

We held that the request for review was not timely, reversed the Court of Appeals and adopted the dissenting opinion of Chief Judge Schwab. 277 Or at 53. In his opinion (now ours), Chief Judge Schwab stated:

"It is patent * * * that the order referred to in ORS 656.289(3) *means an order on the merits, i.e., that a claim is denied,* and does not mean an order correcting some minor clerical mistake in reciting a fact that never need have been recited in the first place and that all parties must have recognized as an obvious immaterial error." *Chisholm v. SAIF,* 26 Or App 627, 631, 553 P2d 1083 (1976) (Schwab, C.J., dissenting). (Emphasis supplied.)

■ Farmers asserts that the rule of *Chisholm* governs the present case. *Chisholm,* however, concerned a correction of a mere clerical error that had no effect on any issue raised in that case. Here, the amount of attorney fees to be awarded affected the parties and was not a "correction" at all. The supplemental order here was intended to and did determine the amount of the attorney fee award, a substantial matter intentionally not addressed in the March 14 order and opinion.

■ The Board relied on *former* OAR 436-83-480(1).[3] That rule allows a referee to reconsider an order on her or his own motion. The Board and Court of Appeals decided that the referee's letter that accompanied the March 14 opinion was actually (1) a self-made motion for reconsideration, and (2) an order abating the March 14 opinion. Both bodies concluded that the April 5 supplemental order was intended to incorporate the March 14 order and to make April 5 the effective date for both.

We do not agree. Assuming that the letter is an "order"[4], there is nothing in either document suggesting that the referee intended to reconsider any issue determined in his March 14 opinion and order. The purpose of the letter simply was to notify the parties that determination of the amount of attorney fees to be paid by SAIF had been deferred and to provide for the resolution of that matter. This is borne out by

---

[3] *Former* OAR 436-83-480 (repealed by WCB Admin. Order 2-1986) provided:

"*WHEN REFEREE MAY REQUIRE ADDITIONAL EVIDENCE*

"(1) The referee may reopen the record and reconsider his [or her] decision before a notice of appeal is filed or, if none is filed, before the appeal period expires. Reconsideration may be upon the referee's own motion or upon a motion by a party showing error, omission, misconstruction of an applicable statute or the discovery of new material evidence.

"(2) A motion to reconsider shall be served on the opposite parties by the movant and, if based on newly discovered evidence, shall state:

(a) The nature of the new evidence; and

(b) An explanation why the evidence could not reasonably have been discovered and produced at the hearing."

The bracketed language was added to the language of *former* OAR 436-83-480 and the entire provision set forth above is found presently at OAR 438-07-025.

[4] On this question, *see* ORS 656.704(1), ORS 656.726(4), ORS 183.310(5)(a) and ORS 183.310(5)(b).

the fact that the referee's letter contemplated only a "supplemental *attorney fee* Order." (Emphasis supplied.) A referee cannot by letter or order extend the appeal period beyond the time permitted by statute. *Compare Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979) (trial court had no authority to set aside one judgment and enter another for sole purpose of extending time for appeal). At the very least, for an order to abate and allow reconsideration of an order issued under ORS 656.289(1), the language of the second order must so state. The April 5 and June 1 orders affected only the review rights as to the amount of attorney fees. Neither purported to or did affect the matters decided in the March 14 order.

Under ORS 656.289(3), the matters determined by the March 14 order became final unless "within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests review by the board under ORS 656.295." The time runs not from the close of the hearing, but from the date of mailing the order. No timely request for review was made; the March 14 order became final 30 days from mailing.

■    Of prime interest to the legislature when dealing with the area of workers' compensation has been the celerity with which claims are to be decided. The legislative history of HB 1001 in 1965 as well as more recent pronouncements of legislative intent, *see* ORS 656.012, stress the prompt, fair and effective resolution of all claims. *Compare former* ORS 656.004 *with* ORS 656.012. We construe the requirement in ORS 656.289(1) that the referee's order determining the matter be issued no later than 30 days following the hearing to mean the determination of those issues directly affecting a worker's right to compensation. *See* ORS 656.704 (3). Determination of the amount of attorney fees payable by an employer or insurer is not necessary to the initial claim determination by the referee, as it does not affect the right to, or amount of, compensation due. Further, any disagreement regarding the amount of attorney fees awarded by a referee is not subject to the ordinary board review procedures of ORS 656.295, but is to be resolved under the unique provisions of ORS 656.388(2).[5]

---

[5] *See* ORS 656.388 (1983), ORS 656.386 (1983) and OAR 438-47-000 to 430-47-095.

■    The March 14 opinion and order met the ORS 656.289(1) and (3) requirements for an order and became final 30 days from mailing. There never was any reconsideration of the order. We therefore reverse the Court of Appeals and the Board and remand to the Board for entry of an order consistent with this opinion.

**JONES, J.,** dissenting.

The majority opinion tells lawyers that even though a referee specifically informs counsel that an opinion is not final, that further hearings will be conducted before the case is closed and that the appeal time does not commence until the referee has made the final order, they should ignore the words of the administrative officer and file an appeal. The message is that if an appellate court can dissect the issues in an administrative case so that one issue can be appealed at an earlier date, we merely call everything the referee said about a temporary order and non-appealability "King's X." Under these circumstances counsel is mandated to disregard the plain words of the referee (and I suppose by analogy similar words by any trial judge), bifurcate the case and immediately file an appeal to protect the client and himself or herself from a future malpractice claim.

In this case the referee issued his opinion on the merits of the claim, finding SAIF responsible, and did so on March 14, 1983, but expressly did not rule on claimant's attorney fee claim at that time. Instead, the referee wrote the lawyers that he would issue a supplemental order on the attorney fee question and that SAIF's appeal time would run from the date of the supplemental order, which he issued on April 5, 1983. However, because that order was not mailed to all the parties and their attorneys, the referee on June 1, 1983, issued another order stating that review would run from that date. That order completed the disposition of all issues in this case that were before the referee, namely, the decision on the merits and the award of attorney fees.

SAIF sought Board review on June 3, 1983, and the Board held that the referee's letter of March 14 was not final and that no final order was entered until the referee completed work on the case, namely, a decision on the merits and attorney fees, which was made final on June 1. The Court of

Appeals agreed with the Board that SAIF timely requested Board review of the referee's decision.

Even though the referee made the mistake of stating, "I. desired to publish the Opinion and Order on the merits within the statutory time which would be by the end of March 14, 1983," in the same letter he stated that he "desire[d] a conference regarding the fees" and "that no appeal be taken from the Order of today." There was nothing in the letter stating that his opinion on the merits was absolutely final or that he did not feel free to reconsider his original decision on the merits at any time prior to mailing the final order. Although he did not articulate anything one way or the other, certainly a reasonable interpretation of his actions should be that "while things are fresh in my mind these are my findings on the merits. My findings will not be final until I determine the attorney fee issue, so don't appeal anything until we get this whole matter wound up."

The majority opinion states that there is nothing in either document suggesting that the referee intended to reconsider any issue decided in his March 14 opinion, but by the same token there is nothing in either document suggesting that he did not intend to reconsider any issue, and he definitely left the door open so that he could do so. The majority opinion is not only an unrealistic interpretation of the intention of the referee, it is exquisitely unfair to counsel, who in good faith relied upon the statements of the administrative officer. Worse, the majority opinion is legally unsound and needlessly creates a confusing precedent for the profession.

Linde, J., joins in this dissenting opinion.