Argued and submitted June 1, affirmed October 21, reconsideration denied December 18, 1987, petition for review allowed January 12, 1988 (305 Or 21)

In the Matter of the Compensation of
Martin Greenslitt, Claimant.

GREENSLITT,
*Petitioner,*

*v.*

CITY OF LAKE OSWEGO et al,
*Respondents.*

(WCB No. 82-00591; CA A41824)

744 P2d 577

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

█ The issue in this case is whether an employer or claimant who is dissatisfied with a referee's attorney fees award must take the dispute to the Workers' Compensation Board or to circuit court. Claimant successfully resisted employer's denial of the compensability of his occupational disease claim before a referee, and on employer's appeal the Board affirmed on compensability. However, it reduced the referee's attorney fees award, and claimant seeks review of that portion of its order. We hold that the Board was the proper forum for the attorney fees dispute under the facts of this case and, therefore, affirm.

In *SAIF v. Anlauf*, 52 Or App 115, 627 P2d 1269 (1981), we held that ORS 656.386(1)[1] and ORS 656.388(2),[2] which provide for circuit court review of attorney fees awards under certain circumstances, are not the exclusive method of obtaining review of a referee's attorney fees award but, rather, are an alternative to the normal Board review. In *Farmers Ins. Group v. SAIF*, 301 Or 612, 619, 724 P2d 799 (1986), the Supreme Court stated, in *dictum*, that "any disagreement regarding the amount of attorney fees awarded by a referee is not subject to the ordinary board review procedures of ORS 656.295, but is to be resolved [by the circuit court] under the unique provisions of ORS 656.388(2)." Because the Supreme

---

[1] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. In the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount shall be set as provided for in ORS 656.388(2). Attorney fees provided for in this section shall be paid by the insurer or self-insured employer."

An occupational disease is effectively treated as an injury under the Workers' Compensation Act. ORS 656.804.

[2] ORS 656.388(2) provides:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

Court's statement is *dictum,* it does not, as claimant seems to assume, directly overrule our holding in *Anlauf.* However, it, a subsequent amendment to that statute and the need to consider another statute which we did not mention in *Anlauf* do justify another examination of the subject. That reexamination leads us to modify our previous holding.

We begin with the original purposes of ORS 656.386(1) and ORS 656.388(2). The legislature adopted earlier versions of them, before the creation of the present workers' compensation system in 1965. At the time, all covered employers had to insure with the State Industrial Accident Commission (SIAC). SIAC conducted hearings and issued final orders awarding or denying compensation. A claimant could appeal from a SIAC award to the circuit court; the employer was neither an interested party nor a participant in the proceedings before SIAC or in court. *See former* ORS 656.272 to ORS 656.290 (*repealed or amended by* Or Laws 1965, ch 285, § 95). Thus, only SIAC and the claimant or the claimant's attorney were interested in the amount of the attorney fees.

Before 1951, SIAC was only authorized to allow a fee to be paid from a claimant's compensation award. ORS 656.388(1) (formerly ORS 656.590(1)) is the current version of that statute; intervening amendments have not made any relevant changes. An attorney who was dissatisfied with the award could seek immediate circuit court review of the award without having to appeal the entire case. *Former* ORS 656.590(2) (now ORS 656.388(2)). In 1951, the legislature required SIAC to pay attorney fees in addition to, rather than out of, compensation when a claimant successfully appealed SIAC's rejection of a claim. Or Laws 1951, ch 330, § 2 (codified as ORS 656.588; now ORS 656.386).[3] A 1957 amendment,

---

[3] Or Laws 1951, ch 330, § 2, provides:

"In all cases involving accidental injuries occurring on or after July 1, 1951, where an injured workman prevails in an appeal to the circuit court from a commission order rejecting his original claim for compensation, the commission shall allow a reasonable attorney fee to the claimant's attorney, which said attorney fee shall be paid from the Industrial Accident Fund as an administrative expense. In all other cases attorney fees shall continue to be paid from the claimant's award of compensation."

Oregon Laws 1957, ch 558, § 1,[4] also required SIAC-paid fees in cases where the claimant prevailed on appeal to the Commission from a hearings officer and provided that disputes over the amount of the fees would go to circuit court under the same procedures as if the fees came from the compensation award.

In short, circuit court review of fee disputes began as a streamlined method of bringing the issue to the court which had appellate jurisdiction over SIAC orders in cases where the merits were no longer contested. Because SIAC both adjudicated claims and administered the fund from which they were paid, it had an apparent conflict in deciding attorney fees questions. The procedure was designed to overcome that conflict. When the legislature abolished SIAC in 1965 and created the Workers' Compensation Board as a purely adjudicative body, it retained the previous rights to attorney fees and the previous procedure for resolving disputes concerning them, simply giving formal recognition to the role of the hearings officer (presently known as the referee). Or Laws 1965, ch 285, §§ 42a, 42b (*amending* ORS 656.588 and ORS 656.590 (now ORS 656.386 and ORS 656.388)). Neither then nor since has the legislature explicitly provided for an *employer* to seek review of a fee award. Much of the statutory language, read literally, makes sense only in the context of the pre-1965 compensation system. The statutes can, however, be read in a fashion which is compatible with the present system.

Before making that reading, we note an additional relevant provision which neither party mentions. The 1965 legislature was concerned that, under the new system, an insurer might have an incentive to fight claims from one level to another, hoping that the claimant would eventually give up.

---

[4] Or Laws 1957, ch 558, § 1, amended *former* ORS 656.588(1) (now ORS 656.386(1)) to provide:

"In all cases involving accidental injuries occurring on or after July 1, 1957, where a claimant prevails in an appeal to the circuit court from a commission order rejecting his original claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails in his appeal before the commission itself, then the commission shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the commission, that amount may be settled as provided for in subsection (2) of ORS 656.590 [now ORS 656.388(2)]. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense."

It therefore adopted ORS 656.382(2),[5] requiring an employer or insurer to pay the claimant's attorney fee in all cases if it initiated the review and lost on the merits. *See Bracke v. Baza'r,* 294 Or 483, 487-488, 658 P2d 1158 (1983). That statute is the *sole* basis for an award of attorney fees when an *employer* initiates the review. *Shoulders v. SAIF,* 300 Or 606, 716 P2d 751 (1986). It does not provide for disputes to be resolved in the circuit court by the procedure established in ORS 656.388(2), which can apply *only* when the claimant has initiated the most recent level of review.

■ ■   ORS 656.386(1) allows a referee to award attorney fees in denied cases "where the claimant *prevails finally* in a hearing before the referee * * *." (Emphasis supplied.) If the claimant "prevails finally" before the Board, then it sets the fee. If the referee rules in favor of a claimant and the employer seeks Board review of compensability, the claimant has not prevailed finally before the referee; that does not occur until the review process is completed favorably to the claimant. Thus the referee's fee award is only tentative; like the rest of the referee's order, the Board may "affirm, reverse, modify or supplement" it. ORS 656.295(6). When the employer seeks review of compensability, the attorney fees provisions of ORS 656.386(1) no longer apply and neither do the provisions of ORS 656.388(2). The Board has the sole authority to set the attorney fees in that circumstance, subject to appellate review.[6]

■   If, however, the employer accepts the referee's compensability decision and contests only the fees award, the situation is different. ORS 656.386(1) presently provides, in

---

[5] ORS 656.382(2) presently provides:

"If a request for a hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

[6] When the Board affirms a finding of compensability, the award for services at the hearing before the referee is no longer the referee's award under ORS 656.386(1). The Board's adoption or modification of it makes it an award *by the Board* under ORS 656.382(2) for "legal representation by an attorney for the claimant at *and prior to*" the Board's review. (Emphasis supplied.)

part, "[i]n the event a dispute arises as to the amount allowed by the referee or board or appellate court, that amount *shall* be set as provided for in ORS 656.388(2)." (Emphasis supplied.) At the time of our decision in *SAIF v. Anlauf, supra,* the statute read "that amount *may* be settled as provided for in subsection (2) of ORS 656.388." (Emphasis supplied.) We relied on the word "may" in holding that the procedure was not exclusive. 52 Or App at 119. The 1983 legislature changed "may" to "shall." Or Laws 1983, ch 568, § 2. The only apparent reason for the amendment was to make the procedure a requirement instead of an alternative. Thus, when a referee's decision is the final determination of the compensability of a denied claim, the *only* way to obtain review of the attorney fees award is through the circuit court procedure under ORS 656.388(2).[7] We overrule *SAIF v. Anlauf, supra,* to the extent that it is inconsistent with these conclusions.

ORS 656.388(2) provides that, if an attorney and the referee or Board cannot agree on the amount of the fees, each shall submit "a written statement of the services rendered" to the circuit court. That language assumes that the attorney involved is the claimant's attorney; in the pre-1965 context that was an appropriate assumption. However, it does not foreclose an employer's attorney from initiating the process; the claimant would then be entitled to participate in it. We held in *SAIF v. Huggins,* 52 Or App 121, 627 P2d 1272 (1981), that the procedure is available to either party, and we adhere to that holding. The legislature simply neglected to modify language which became outdated with the change in the system in 1965.

Because in this case employer sought Board review of the referee's compensability determination, the Board had jurisdiction to review the attorney fee award. Claimant does not attack the Board's action on the merits. We therefore affirm the Board.

Affirmed.

---

[7] Similarly, if the claimant is dissatisfied with the referee's fee award and the employer seeks Board review of compensability, the claimant may then obtain Board review of the fees award. *See* ORS 656.289(3). If the employer does not seek Board review of compensability, the claimant has prevailed finally before the referee and must take the dispute to circuit court.