Submitted on record and briefs October 18, 1991, affirmed May 20, 1992

In the Matter of the Compensation of
James McCormac, Claimant.

James McCORMAC,
*Petitioner,*

*v.*

COTTAGE CRAFTS
and SAIF Corporation,
*Respondents.*

(89-17548; CA A68588)

831 P2d 715

Charles G. Duncan, Eugene, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, Virginia Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board dismissing his appeal of the referee's order for lack of jurisdiction. The appeal was correctly dismissed, and we affirm.

Claimant filed a claim for benefits for a heart attack. Employer denied the claim, and claimant requested a hearing. On the day set for the hearing, an hour before the scheduled time, claimant's attorney appeared before the referee and sought a postponement on the ground that claimant was in the hospital for treatment of his heart condition and would not be able to appear at the hearing. Employer's attorney objected to a postponement but offered to let claimant's attorney proceed without claimant or to let claimant present his testimony in writing and waive cross-examination. Claimant's attorney declined the offers.

The next day, the referee issued an order dismissing the claim with prejudice, because of claimant's failure to appear. The order also provided:

> "Claimant may submit, within thirty days of the date of entry of this order, an affidavit setting forth good cause for his failure to appear, including documentary medical evidence of his incapacity, and requesting that the dismissal be rescinded and the case rescheduled."

It also stated:

> "If you are dissatisfied with this order you may, within thirty (30) days after the mailing date * * * request a review by the Workers' Compensation Board."

Twenty-one days later, claimant filed a motion to set aside the order of dismissal, with attached documents. The motion did not come to the referee's attention until the 34th day after issuance of the order. On the 43rd day after issuance of the order of dismissal, the referee issued a second order, holding that she did not have jurisdiction over the motion to set aside the order of dismissal, because that order had become final under ORS 656.289(3) 30 days after it was mailed to the parties. On the 47th day after the mailing of the order of dismissal, claimant filed an appeal to the Board, which dismissed the appeal for lack of jurisdiction.

■ ■    Claimant contends that the referee's order of dismissal was issued contingent on the passage of 30 days or the filing of a motion to set aside the dismissal, whichever came first, or, in the alternative, that the appeal time did not begin to run until 30 days after the mailing of the order. ORS 656.289(3) provides that the referee's order

> "is final, unless, within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the board under ORS 656.295."

There having been no appeal to the Board within 30 days after the mailing of the referee's order of dismissal, the order became final. Although the order of dismissal invited claimant to submit, within 30 days, documents establishing "good cause" for his failure to appear, it was not and could not have been made contingent on the passage of 30 days. Additionally, the filing of claimant's motion did not and could not have effected a stay of the order. The time for appeal began to run when the order of dismissal was mailed, and the referee could not extend it. *Farmers Ins. Group v. SAIF*, 301 Or 612, 724 P2d 799 (1986). Accordingly, the Board did not err in holding that the referee's order of dismissal had not been abated, withdrawn, stayed, modified or republished before the expiration of the 30 days within which claimant could appeal. Therefore, the appeal was untimely, and the Board lacked jurisdiction to consider the merits of the motion to set aside the referee's order of dismissal.

Affirmed.

**ROSSMAN, J.,** dissenting.

Because I cannot agree with the majority's conclusion that the time for appeal began to run when the order was mailed, I dissent.

ORS 656.289(1) provides:

> "Upon the conclusion of any hearing, or prior thereto with concurrence of the parties, the referee shall *promptly and not later than 30 days after the hearing determine the matter and make an order* in accordance with the referee's determination." (Emphasis supplied.)

Although the referee mailed a form of an order dismissing the claim on December 20, 1989—the day after the hearing—the

*issuance* of the order was expressly contingent on either the passage of 30 days or the filing of a motion to set aside the dismissal, whichever came first. If claimant had failed to file the motion, the order of dismissal would have issued 30 days after the hearing, and claimant would have had 30 days from that date to appeal to the Board. Because claimant filed the required motion on January 10, 1990—21 days after the hearing—I would hold that the order issued on that day. Claimant requested Board review on February 5, 1990, within 30 days after the issuance of the order.

The majority would require claimant to file an affidavit explaining his reasons for not appearing at the hearing and, *at the same time*, file an appeal to the Board. That would lead to an unnecessary bifurcation of jurisdiction between the referee and the Board. Given the referee's specific directive to claimant to file an affidavit, and given claimant's timely compliance with that directive, it was reasonable for him to expect that the referee would not issue a final order until after the affidavit was considered. I would hold that the Board had jurisdiction to consider the appeal and to determine the merits of claimant's motion.

That is the only fair result in this case. The foremost objective of the workers' compensation system is to help workers who have been injured on the job. This claimant should not be prevented from seeking that relief simply because he did what the system told him to do. He timely responded to the referee's specific procedural directive by filing a motion to set aside the order of dismissal. To me, it would be unfair now to penalize claimant for the referee's failure timely to consider his motion.